[No. 36727-7-I.   Division One.   July 28, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT KISER, *Appellant*.

*Eric J. Nielsen* and *Nielsen, Broman & Associates, P.L.L.C.*; and *Kitteridge Oldham*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Dana Cashman, Deputy*, for respondent.

BECKER, J. — A statute defines assault of a child in the

first degree as a series of violent acts. Charged and convicted on one count, the appellant argues the jury should have been required to agree on one particular act as the principal assault. Because the crime is defined as a series of acts rather than a single act, and because the evidence disclosed only one series of acts, we find no error.

Scott Kiser is the father of T, born June 16, 1994. Around the time of T's birth Scott resumed his relationship with Sarra, T's mother. About the beginning of August, Scott moved in with Sarra and her mother. In mid-September Sarra, Scott, and T moved in with Sarra's sister and another housemate.

While baby-sitting T in mid-October, 1994, the grandmother noticed the three-month-old infant was bruised and scratched. When she tried to straighten T's leg to change his diaper, T cried and pulled his leg to his body. When Sarra took T home that night, she noticed his leg was swollen and he had a fever. The next day, October 18, Sarra took T to the doctor.

The doctor noticed signs of child abuse, called Child Protective Services, and ordered x-rays and a blood test. X-rays revealed bone fractures in the arms, legs and ribs. Blood tests revealed blunt trauma to the liver. Sarra reacted emotionally upon hearing this information from the doctor, but Scott remained unemotional and asked no questions.

Later examination revealed that T had a bite mark on his back. When first discovered, the mark was faint, but by the next day individual teeth marks appeared. A forensic ondontologist examined the bite mark, and took dental impressions of the grandmother, Sarra, Scott, and the housemate. Neither the grandmother nor the housemate matched the bite mark. Sarra and Scott were both consistent with the bite mark, but Scott matched more closely.

At trial, the State relied on the testimony establishing Kiser's access to the child at relevant time periods, medical evidence, and the expert's testimony about the bite

mark. Also, Sarra testified she often heard thumping sounds, like the sound of somebody hitting furniture, when T and Scott were in another room together. A jury convicted Scott of one count of assault of a child in the first degree, and the court imposed a sentence at the top of the standard range. Scott Kiser appeals from the judgment against him.

## UNANIMITY INSTRUCTION

█ The State charged Kiser by information with assault of a child in the first degree, in violation of RCW 9A.36.120(b)(ii), between June 16 and October 18, 1994. Enacted in 1992, the statute provides in part:

(1) A person eighteen years of age or older is guilty of the crime of assault of a child in the first degree if the child is under the age of thirteen and the person:

. . . .

(b) Intentionally assaults the child and . . .

(ii) Causes substantial bodily harm, and the person has previously engaged in a pattern or practice either of (A) assaulting the child which has resulted in bodily harm that is greater than transient physical pain or minor temporary marks, or (B) causing the child physical pain or agony that is equivalent to that produced by torture.

Kiser assigns error to the trial court for failing to instruct the jurors that they must agree on which of the multiple assaults constituted the principal assault distinguishable from the prior pattern or practice of assault.[1] Kiser made no such objection below, but the failure to give a unanimity instruction may be reviewed for the first time on appeal.[2]

---

[1]See State v. Petrich, 101 Wn.2d 566, 572, 683 P.2d 173 (1984) (when evidence indicates that several distinct criminal acts have been committed, but defendant is charged with only one count of criminal conduct, jury unanimity must be protected).

[2]State v. Holland, 77 Wn. App. 420, 424, 891 P.2d 49 (1995).

■ When determining whether a unanimity instruction is required, the court must answer three inquiries: (1) what must be proved under the statute? (2) what does the evidence disclose? and (3) does the evidence disclose more than one violation?[3]

■■ RCW 9A.36.120(1)(b) requires proof of a principal intentional assault which causes substantial bodily harm, *and* a previous pattern or practice of causing pain. The crime thus is defined not by a single act, but by a course of conduct. The definition of the crime permits the State to charge an entire episode of assaultive conduct as one count. The jurors must all find a principal act resulting in substantial bodily harm preceded by a pattern or practice of other assaultive acts. But it is not necessary for all jurors to agree on what act was the principal assault.

A potential problem for juror unanimity arises under this statute if the evidence discloses more than one distinct episode of assaultive conduct during an extended charging period. For example, the evidence may disclose one series of assaults on the child at one time, then another series weeks or months later, perhaps in a different location where different people had access to the child. The defendant may have different defenses as to these different episodes. If so, it is possible some jurors will believe a defendant is accountable for only the first series of assaults, while other jurors will believe the defendant is accountable for only the second series of assaults. When such circumstances are present, the court should give a unanimity instruction or require the State to elect.[4]

Such circumstances were not present in this case. The evidence disclosed numerous fractures of varying ages, any of which could have been the principal assault. But all the assaults were part of a series that continued over a relatively short time period. There is nothing to suggest that the State's proof or Kiser's defenses were different

---

[3]*State v. Russell*, 69 Wn. App. 237, 249, 848 P.2d 743 (1993).

[4]*See State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988).

with respect to any particular segment of the charging period. Accordingly, the evidence did not disclose more than one violation, and there was no need for a special instruction to assure juror unanimity.

Affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

COLEMAN and COX, JJ., concur.

Review denied at 134 Wn.2d 1002 (1998).