177 P.3d 209 (2008)
STATE of Washington, Respondent,
v.
Phillip J. BOBENHOUSE, Appellant.
No. 25673-1-III.
Court of Appeals of Washington, Division 3, Panel Four.
February 21, 2008.
*211 Dennis W. Morgan, Attorney at Law, Ritzvfile, WA, for Appellant.
Benjamin Curler Nichols, Asotin County Prosecutors Office, Asotin, WA, for Respondent.
SWEENEY, C.J.
¶ 1 This is an appeal from convictions for multiple counts of rape of a child and incest. The defendant forced his childrena son and a daughterto have sexual intercourse. And the defendant raped his son over a period of time. The court properly concluded that the defendant was guilty of incest as an accomplice. It was not necessary for the State to show that the defendant actually had sex with his children to prove incest; using his children to accomplish his crimes was sufficient. And the failure of the court to require a unanimous verdict was error but harmless because the jury had no way to discriminate between the two acts supporting the convictions for the child rapes. We affirm the convictions. We also affirm the defendant's exceptional minimum sentence as consistent with the constitutional limitations imposed by the Blakely[1] decision.

FACTS
¶ 2 Phillip J. Bobenhouse forced his children, John Doe (age six to eight during the relevant period) and Jane Doe (age four to seven during the relevant period), to engage in sexual intercourse with each other. Mr. Bobenhouse also forced his son John to suck on his penis, and Mr. Bobenhouse also put his finger in John's anus. Child Protective Services referred the matter to the Asotin County Sheriffs Office in August 2005 after the two children reported that their father had sexually abused them.
¶ 3 Mr. Bobenhouse had pleaded guilty in January 2005 to third degree assault of a child and tampering with a witness. Following a bench trial in November 2005, a judge also found him guilty of two counts of second degree assault of a child and one count of second degree assault. All of these convictions were for assaults on his wife and children. The court sentenced him to a total of 102 months for the November 2005 convictions.
¶ 4 While he was serving his sentence on the 2005 convictions, the State charged Mr. Bobenhouse with two counts of first degree rape of a child and two counts of first degree incest. The State amended the information on the date of trial to include an additional count of first degree rape of a child. Ultimately the State charged Mr. Bobenhouse with:
 Count 1: First degree rape of a child: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with John Doe, who was less than 12 years old and not married to the defendant, who was at least 24 months older.

*212  Count 2: First degree rape of a child: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with John Doe, who was less than 12 years old and not married to the defendant, who was at least 24 months older.
 Count 3: First degree rape of a child: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with Jane Doe, who was less than 12 years old and not married to the defendant, who was at least 24 months older.
 Count 4: First degree incest: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with John Doe, known by the defendant to be related to him.
 Count 5: First degree incest: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with Jane Doe, known by the defendant to be related to him.
¶ 5 The jury found him guilty of all charges on August 1, 2006. The court found the necessary aggravating facts to support an exceptional minimum sentence and sentenced Mr. Bobenhouse to a minimum of 600 months on each rape count, to run concurrently. He appeals both his convictions and his sentence.

DISCUSSION
SPEEDY TRIAL
¶ 6 Mr. Bobenhouse contends he was denied the right to a speedy trial guaranteed him by court rule. CrR 3.3. We review the application of the speedy trial rules de novo. State v. Nelson, 131 Wash.App. 108, 113, 125 P.3d 1008, review denied, 157 Wash.2d 1025, 142 P.3d 609 (2006). Objections to a trial date on speedy trial grounds must be made within 10 days after notice of the trial date is given. CrR 3.8(d)(3). And any party who fails, for any reason, to move for a trial date within the time limits of CrR 3.3 loses the right to object. CrR 3.3(d)(3); State v. Carney, 129 Wash.App. 742, 748, 119 P.3d 922 (2005).
¶ 7 Mr. Bobenhouse did not object at any time to the dates set for trial. Accordingly, the last allowable date for his trial was August 29, 2006, the date set for trial after his last motion for a continuance. CrR 3.3(d)(4). And his trial began on that date. Mr. Bobenhouse then, waived his right to object to a violation of the speedy trial rule. Mr. Bobenhouse also raises the question of speedy trial by claiming that his lawyer was ineffective for failing to raise the issue in the trial court. We take up that assignment of error along with his other claim of ineffective assistance later in this opinion.
ACCOMPLICE LIABILITY FOR ACTS OF THE CHILDREN
¶ 8 Mr. Bobenhouse contends he was improperly charged with first degree rape of a child (counts 2 and 3) and first degree incest (count 5). He asserts the acts alleged in these counts did not constitute crimes because he did not have sexual intercourse with the children; the children had sexual intercourse with each other. He argues then that he cannot legally be an accomplice to a crime because no crime was committed. And he also argues that there was no crime he could be an accomplice to because the children, both under the age of eight, were incapable of committing crimes. And indeed, that is what RCW 9A.04.050 says.
¶ 9 Mr. Bobenhouse's challenges to these convictions essentially argue the legal impossibility of satisfying the elements of first degree rape of a child or first degree incest because the actual perpetrators of the acts were children. And children cannot legally commit the crimes of rape or incest as charged here. His argument raises a question of law and so our review is de novo. State v. Womac, 160 Wash.2d 643, 649, 160 P.3d 40 (2007).
¶ 10 In counts 2 and 3, the State charged Mr. Bobenhouse with first degree rape of a child. The elements of this crime are (1) sexual intercourse with another (2) who is less than 12 years old and (3) not married to the perpetrator, and (4) the perpetrator is at least 24 months older than the victim. RCW 9A.44.073(1). John and. Jane were both younger than 12 and were not married. Mr. *213 Bobenhouse did not have sexual intercourse with either of them. And neither of them was 24 months older than the other. Incest, as charged in count 5, requires proof that a person engaged in sexual intercourse with a person he or she knew to be related by family. RCW 9A.64.020.
¶ 11 But Mr. Bobenhouse's criminal culpability does not rest on a showing of actual sexual contact with these children, at least for these charges. The State claimed and proved that he effected the child rape and the incest as an accomplice.
¶ 12 "A person is guilty of a crime if it is committed by the conduct of another person for which he is legally accountable." RCW 9A.08.020(1). A person is legally accountable when "[a]cting with the kind of culpability that is sufficient for the commission of the crime, he causes an innocent or irresponsible person to engage in such conduct." RCW 9A.08.020(2)(a).
¶ 13 Mr. Bobenhouse caused John to have sexual intercourse with Jane. Both children were innocent or irresponsible persons. RCW 9A.08.020(2)(a). He argues, nonetheless, that no crime was committed because the jury could not find beyond a reasonable doubt that the principal for the crimeJohn or Janewas 24 months older than the victim (the other child). And he says that these children were incapable of committing a crime, in any event, because they were under the age of eight. RCW 9A.04.050 (children under the age of eight are incapable of committing a crime).
¶ 14 Mr. Bobenhouse's culpability is based on forcing innocent people (his children) to engage in conduct that would constitute a crime if Mr. Bobenhouse engaged in the same conduct. RCW 9A.08.020(2)(a). See State v. BJS, 72 Wash.App. 368, 371-72, 864 P.2d 432 (1994) (although the defendant did not personally touch the victims, she was legally accountable for child molestation committed by one three-year-old against another), abrogated on other grounds by State v. Lorenz, 152 Wash.2d 22, 32, 93 P.3d 133 (2004). Mr. Bobenhouse used these children as, instruments for his own criminal conduct. He effectively reduced the children to instruments that achieved the desired end: sexual intercourse with a child. The State proved the necessary elements of these crimes by accomplice liability.
ADEQUACY OF THE CHARGING INFORMATION
¶ 15 Mr. Bobenhouse next contends that the elements instructions on counts 2. (rape), 3 (rape), and 5 (incest) outlined elements of accomplice liability that were not alleged in the information.
¶ 16 The State must inform Mr. Bobenhouse of the charges against him. State v. Kjorsvik, 117 Wash.2d 93, 101, 812 P.2d 86 (1991). But that right is not violated when the charging document fails to expressly charge accomplice liability. State v. McDonald, 138 Wash.2d 680, 688, 981 P.2d 443 (1999); State v. Davenport, 100 Wash.2d 757, 764-65, 675 P.2d 1213 (1984). It is constitutionally permissible to charge a person as a principal and convict him as an accomplice, as long as the court instructs the jury on accomplice liability. Davenport, 100 Wash.2d at 764-65, 675 P.2d 1213. And the jury here was instructed on accomplice liability. Mr. Bobenhouse was, accordingly, properly convicted of the charges against him.
UNANIMITY INSTRUCTION
¶ 17 John testified that Mr. Bobenhouse ordered him to suck Mr. Bobenhouse's penis every week from the time that. John was five or six years old until he was seven or eight. He also testified that Mr. Bobenhouse put his finger in John's anus. Count 1 charged Mr. Bobenhouse with the first degree rape of John and count 4 charged him with incest with John. The trial court did not instruct the jury that it had to agree that the same underlying act constituted count 1 or count 4. Mr. Bobenhouse's lawyer did not propose a unanimity instruction. Mr. Bobenhouse nonetheless contends the lack of a unanimity instruction was an error requiring reversal of the convictions on these two counts.
¶ 18 "To convict a person of a criminal charge, the jury must be unanimous that the defendant committed the criminal act." State v. Camarillo, 115 Wash.2d 60, 63, 794 *214 P.2d 850 (1990). The State must elect the act it relies on for a conviction, or the court must instruct the jury that all members must agree on the same underlying act when multiple acts relate to one charge. Id. at 64, 794 P.2d 850 (citing State v. Petrich, 101 Wash.2d 566, 572, 683 P.2d 173 (1984)). The failure to give a so-called Petrich instruction violates a defendant's constitutional right to a unanimous jury verdict. Camarillo, 115 Wash.2d at 64, 794 P.2d 850. And so the failure to give a unanimity instruction may be raised for the first time on appeal because it is a manifest constitutional error. State v. Kiser, 87 Wash.App. 126, 129, 940 P.2d 308 (1997). The failure to instruct the jury on the required unanimity is reversible error unless the failure is harmless. Camarillo, 115 Wash.2d at 64, 794 P.2d 850.
¶ 19 The State contends there was no error at all because the two types of sexual intercourse alleged herefellatio and anal penetrationare merely alternative means of committing first degree rape of a child, rather than distinct acts for which a unanimity instruction is required. The State is mistaken.
¶ 20 The statute criminalizing first degree rape of a child does not contain alternative means for committing the crime. RCW 9A.44.073. Although sexual intercourse may be accomplished in multiple different acts of penetration (RCW 9A.44.010(1)), statutes that define in the disjunctive an element of a crime do not create alternative means of committing that crime. State v. Laico, 97 Wash.App. 759, 762, 987 P.2d 638 (1999). Each of the methods of sexual intercourse described by John constitutes a distinct criminal act, not an alternative means of committing child rape. State v. Williams, 136 Wash.App. 486, 498, 150 P.3d 111 (2007).
¶ 21 And the prosecutor did not elect which actfellatio or penetration of John's anusconstituted the crime in count 1 or count 4 during closing argument:
Ah, the charge, itself [count 1], requires you to find that at least one instance of sexual intercourse happened, not that they all happened, not that the oral sex and the anal sex happened, any number of those things that you are convinced of is really not the point. The point is that one count of it is charged, meaning that one act of sexual intercourse needs to be proved beyond a reasonable doubt. Any one of those, if you are convinced beyond a reasonable doubt[,] should sustain a verdict of guilty as to Count I, once all of the other elements have been shown, as well.
. . . .
Now, on Count IV, it says the defendant had sex with John Doe, and all of the other elements I've described for incest in the first degree. . . . It also basically stands for the proposition that if the defendant is guilty in Count I, then in Count IV, as long as you find that the relationship is there between the father and the son, as blood relatives, then he is also guilty of Count IV.
Report of Proceedings (RP) at 567, 569. And nothing in the jury instructions required the jury to find that the same underlying act was proved beyond a reasonable doubt. The failure then to require a unanimous verdict on either or both of these two acts was error. The next question is whether the error was harmless.
FAILURE OF UNANIMITY INSTRUCTION HARMLESS ERROR
¶ 22 There was no contravening evidence to the events here, only a general denial by Mr. Bobenhouse. The victims' testimony is detailed. The acts committed on the children were similar. Our Supreme Court has concluded under similar circumstances that a rational juror would believe each incident occurred beyond a reasonable doubt. Camarillo, 115 Wash.2d at 71-72, 794 P.2d 850. And the jury would reasonably believe that if one incident happened, then all must have happened. Id. at 71, 794 P.2d 850. Indeed, in State v. Kitchen the court relied on a California case to conclude that the absence of a unanimity instruction was harmless. State v. Kitchen, 110 Wash.2d 403, 413-14, 756 P.2d 105 (1988) (citing People v. Deletto, 147 Cal.App.3d 458, 473, 195 Cal.Rptr. 233 (1983)). There, as here, the jury had no means to discriminate "between the two incidents attested to by the victim [T]he evidence did not permit the *215 jury to rationally discriminate between the two incidents." Id.
¶ 23 The court came to the same conclusion in Camarillo. There, the victim described three incidents that could support one count of indecent liberties: (1) the defendant sat the boy on his lap and rubbed the zipper area of the boy's pants; (2) the defendant lay down beside the boy on a bed and fondled the boy's penis; and (3) the defendant committed an act similar to the first incident. Camarillo, 115 Wash.2d at 62-63, 794 P.2d 850. Again, the defendant "`offered no evidence upon which the jury could discriminate between the incidents.'" Id. at 70, 794 P.2d 850 (quoting State v. Camarillo, 54 Wash. App. 821, 828, 776 P.2d 176 (1989)). Camarillo held that the evidence supporting each incident established the crime beyond a reasonable doubt, citing the lack of conflicting testimony and the child's specific detailed testimony. Id. at 71, 794 P.2d 850.
¶ 24 The court in Camarillo cited State v. Allen[2] as illustrative. The victim in Allen testified that almost every day for a period of time the defendant would touch her in an inappropriate way. He might kiss her, touch her between the legs over her clothing or under her clothing, put her hand on his penis, or touch her chest. Allen, 57 Wash. App. at 136, 139, 787 P.2d 566. Any one of these acts would have supported his conviction on the one count of indecent liberties. Id. at 139, 787 P.2d 566, The defendant made only a general denial to the charge that he had touched her improperly. Id.; Camarillo, 115 Wash.2d at 71, 794 P.2d 850.
¶ 25 Allen held that the defendant's general denial and the victim's testimony that similar contact occurred on each occasion gave the jurors no rational basis to distinguish among the acts charged to support the one count. Allen, 57 Wash.App. at 139, 787 P.2d 566. The crucial point is that "`proof of the substantially similar incidents relied upon a single witness' detailed, uncontroverted testimony.'" Camarillo, 115 Wash.2d at 70, 794 P.2d 850 (quoting Camarillo, 54 Wash.App. at 828, 776 P.2d 176). In other words, if a juror believed beyond a reasonable doubt that one act occurred, that juror would then necessarily believe that the others occurred as well. Id.
¶ 26 Moreover, a purpose of the jury instructions is to allow the defendant to argue his theory of the case. State v. Mills, 154 Wash.2d 1, 7, 109 P.3d 415 (2005). Mr. Bobenhouse easily argued his theory of the case without the required unanimity instruction.
¶ 27 We conclude that any error in failing to give a unanimity instruction was harmless. Camarillo, 115 Wash.2d at 72, 794 P.2d 850; Kitchen, 110 Wash.2d at 413-14, 756 P.2d 105; Allen, 57 Wash.App. at 139, 787 P.2d 566.
INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 28 Mr. Bobenhouse contends he was not effectively represented by his lawyer. He says that defense counsel failed to object to the trial dates and failed to request a unanimity instruction. He must show that his attorney's representation was deficient and that this deficiency deprived him of a reliable verdict. In re Pers. Restraint of Woods, 154 Wash.2d 400, 420-21, 114 P.3d 607 (2005). We presume the effectiveness of defense counsel. State v. Thomas, 109 Wash.2d 222, 226, 743 P.2d 816 (1987). Conduct that amounts to legitimate strategy will not support a claim of ineffective assistance of counsel. Id.
¶ 29 Speedy Trial. A defendant detained in jail must be brought to trial within 60 days after arraignment. CrR 3.3(b)(1)(i), (c)(1). But "detained in jail" means in custody "pursuant to the pending charge." CrR 3.3(a)(3)(v) (emphasis added). Any period of time when the defendant is held in custody on an unrelated charge or is serving another sentence is excluded. CrR 3.3(a)(3)(v). Mr. Bobenhouse was not detained in jail pursuant to the pending charges at any time within the meaning of the speedy trial rule. He was serving a sentence on unrelated charges. Consequently, the court had 90 days to bring him to trial. CrR 3.3(b)(2)(i); State v. Johnson, 132 Wash.App. 400, 412, 132 P.3d 737 (2006), review denied, 159 Wash.2d 1006, 153 P.3d 196 (2007).
*216 ¶ 30 During the 90 days following Mr. Bobenhouse's arraignment on November 28, 2005, two judges recused themselves (adding five days each time under CrR 3.3(e)(9)) and a continuance was granted for one week. Defense counsel withdrew after Mr. Bobenhouse filed a complaint with the Washington State Bar Association before the 90-day period (plus the excluded periods) had run. The court allowed his first lawyer to withdraw and assigned new counsel on March 14, 2006. The time to trial was then reset to zero on that date. CrR 3.3(c)(2)(vii). And 90 days from this new start date was June 12, 2006. Trial was set for June 7, 2006. On June 1, 2006, Mr. Bobenhouse's lawyer moved for a continuance to August 29, 2006, so that he would have more time to prepare experts and review additional discovery. Trial was set for August 29, 2006, and actually began on that date.
¶ 31 The continuances sought by defense counsel were consistent with a sound trial strategy. There was no violation of Mr, Bobenhouse's right to a speedy trial. Mr. Bobenhouse shows, then, neither deficient performance nor prejudice.
¶ 32 Unanimity Instruction. We have already concluded that any error in failing to give a unanimity instruction was harmless.
SAME CRIMINAL CONDUCT
¶ 33 Mr. Bobenhouse argued at his sentencing hearing that his rape and incest convictions were based on the same acts and should have constituted the same criminal conduct for sentencing purposes. He contends here that counts 1 and 4-relating to sexual intercourse with John Doeconstitute the same criminal conduct, as do counts 3 and 5relating to sexual intercourse with Jane Doe.
¶ 34 Two or more current offenses that encompass the same criminal conduct may be counted as one crime in an offender score. RCW 9.94A.589(1)(a). "Same criminal conduct" means "crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). The offenses do not constitute the same criminal conduct and must be counted separately in the offender score if any one of these factors is missing. State v. Porter, 133 Wash.2d 177, 181, 942 P.2d 974 (1997); State v. Wilson, 136 Wash.App. 596, 613, 150 P.3d 144 (2007). The conclusion that crimes constitute the same criminal conduct is somewhat discretionary with the trial court. State v. Haddock, 141 Wash.2d 103, 110, 3 P.3d 733 (2000). We will reverse the sentencing court's conclusion of same criminal conduct, then, only for "abuse of discretion" or misapplication of the law. State v. French, 157 Wash.2d 593, 613, 141 P.3d 54 (2006).
¶ 35 But we do not need to pass on whether the sentencing judge abused his discretion or not here. Mr. Bobenhouse's current offender score is 20 for the child rape convictions and 17 for the incest convictions. An amended sentence that reduced his offender score by 6 (counting the two incest convictions as three points each, former RCW 9.94A.525(16) (2002)) would not be less than 9, which is the top of the range. RCW 9.94A.525(5)(a)(i). Thus, even assuming error, any error would be harmless.
EXCEPTIONAL MINIMUM SENTENCE
¶ 36 Mr. Bobenhouse next contends the State did not give him notice of its intent to seek an exceptional sentence. He also argues that his exceptional sentence violates the rule set out in Blakely because a jury did not find aggravating factors beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Blakely requires that any fact, other than the fact of a previous conviction, used to support an exceptional sentence upward must be found by a jury beyond a reasonable doubt. Blakely, 542 U.S. at 301-03, 124 S.Ct. 2531.
¶ 37 The State must give notice at any time prior to trial, "if substantial rights of the defendant are not prejudiced," that it is seeking a sentence above the standard range. RCW 9.94A.537(1). This notice must set out any aggravating factors alleged. Id. But no particular form of notice is specified by the statute.
¶ 38 Here, the prosecutor wrote a letter to Mr. Bobenhouse's lawyer to notify, him that the State would seek an exceptional sentence *217 based on RCW 9.94A.535(2)(c) ("[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished"). Clerk's Papers (CP) at 232-33. The lawyer acknowledged, in writing, that he received the prosecutor's notice of intent and delivered it to Mr. Bobenhouse. Mr. Bobenhouse then received advance notice of the State's intent to seek a sentence above the standard range.
¶ 39 Mr. Bobenhouse's other challenge to the exceptional minimum sentence is also without merit. Blakely does not apply to the exceptional minimum sentence imposed here because the sentence does not exceed the maximum sentence. State v. Borboa, 157 Wash.2d 108, 117, 135 P.3d 469 (2006); State v. Clarke, 156 Wash.2d 880, 890-93, 134 P.3d 188 (2006), cert. denied, ___ U.S. ___, 128 S.Ct. 365, 169 L.Ed.2d 143 (2007). First degree rape of a child requires a minimum term within the standard range for the offense (or outside the standard range under RCW 9.94A.535), and a maximum term that is the statutory maximum sentence for the offense. Former RCW 9.94A.712(3) (2004). The statutory maximum sentence for first degree child rape is life. RCW 9A.20.021 (1)(a); RCW 9A.44.073(2).
¶ 40 The trial court determined that aggravating factors supported an exceptional minimum sentence. See CP at 221-22 (Findings of Fact and Conclusions of Law for an Exceptional Sentence). And the resulting concurrent minimum sentences of 600 months on each rape count were less than the statutory maximum of life. The exceptional minimum sentences did not then violate the rule in Blakely. Clarke, 156 Wash.2d at 890-91, 134 P.3d 188.
FOSTER PARENTS NO-CONTACT ORDER
¶ 41 Mr. Bobenhouse's final challenge is to a postconviction no-contact order attached to his judgment and sentence. The domestic violence no-contact order prohibits him from contacting his three children, his former wife, and the former foster parents of his children. Mr. Bobenhouse contends the inclusion of the foster parents is improper because that restraint is not crime related.
¶ 42 RCW 9.94A.700(5)(b) allows a court to impose a community placement condition that prohibits contact with a "specified class of individuals." State v. Hearn, 131 Wash.App. 601, 607, 128 P.3d 139 (2006). There is no requirement that a condition imposed under this statute be crime related. State v. Llamas-Villa, 67 Wash.App. 448, 456, 836 P.2d 239 (1992) (citing former RCW 9.94A.120(8) (1988)). An offender's usual freedom of association may be restricted if the restriction is reasonably necessary to accomplish the needs of the State and public order. Hearn, 131 Wash.App. at 607, 128 P.3d 139 (citing State v. Riley, 121 Wash.2d 22, 37-38, 846 P.2d 1365 (1993)).
¶ 43 At sentencing, the State reported that the former foster parents had asked to be included in the no-contact order. The presumption raised was that they feared retribution. Restricting Mr. Bobenhouse's contact with the former foster parents was reasonably necessary to protect them and the public order.
¶ 44 We affirm the convictions and sentence.
WE CONCUR: SCHULTHEIS, J., and THOMPSON, J. Pro Tem.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] State v. Allen, 57 Wash.App. 134, 787 P.2d 566 (1990).