UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN BARELA,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF WOODLAND, (Mayor) for Municipal Liability Collectively; WOODLAND POLICE CHIEF, In official Capacity Collectively for Supervisory Negligence; JEANNE C. CANEPA In Official and Individual Capacity for False Arrest; SUSAN I. BAUER, Prosecutor, In Official and Individual Capacity for Obstruction of Justice; THOMAS A. LADOUCEUR, In Official and Individual Capacity for Obstruction of Justice; ANNE M. CRUSER, In Official and Individual Capacity Neglect to Duty,,<br><br>              Defendants - Appellees. | No. 07-35585<br><br>D.C. No. CV-06-05431-JKA<br>Western District of Washington,<br>Tacoma<br><br><br>ORDER |

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.


      The Petition for Rehearing is DENIED in accord with the Amended

Memorandum Disposition filed simultaneously with this order. No further

Petitions for Rehearing will be entertained.

FILED

NOT FOR PUBLICATION

DEC 01 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN BARELA,

        Plaintiff - Appellant,

  v.

CITY OF WOODLAND, (Mayor) for
Municipal Liability Collectively;
WOODLAND POLICE CHIEF, In official
Capacity Collectively for Supervisory
Negligence; JEANNE C. CANEPA In
Official and Individual Capacity for False
Arrest; SUSAN I. BAUER, Prosecutor, In
Official and Individual Capacity for
Obstruction of Justice; THOMAS A.
LADOUCEUR, In Official and Individual
Capacity for Obstruction of Justice; ANNE
M. CRUSER, In Official and Individual
Capacity Neglect to Duty,,

        Defendants - Appellees.

No. 07-35585

D.C. No. CV-06-05431-JKA

AMENDED
MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
J. Kelley Arnold, Magistrate Judge, Presiding

Argued and Submitted August 31, 2009

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Seattle, Washington

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.


Juan Barela appeals from the district court's grant of summary judgment dismissing his claims against all defendants.[1] We affirm with respect to the City of Woodland, the Woodland Police Chief, Susan Baur,[2] Thomas Ladouceur, and Anne Cruser. We reverse with respect to Officer Jeanne Canepa.

Barela alleges that his First and Fourth Amendment rights were violated as a result of the City of Woodland's policy of deliberate indifference toward constitutional rights—a policy that manifests itself during the training and supervision of City employees. Although a municipal government is not generally liable for the constitutional torts of its employees or agents, liability can attach under 42 U.S.C. § 1983 when a constitutional violation is caused by the execution

---

[1]The pleadings are inconsistent as to whether Lynn Barela is also a party to the appeal. To the extent that she is a party, her claims are dismissed for lack of standing. Nothing in the complaint, or in the record considered on summary judgment, supports a claim that she suffered a non-derivative, actionable harm. See Powers v. Ohio, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").

[2]We note that although Susan Baur's name is spelled "Bauer" in most of the briefs and pleadings, we adopt the spelling of her name used in the briefs filed specifically on her behalf.

of a government custom or policy. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In this case, however, Barela has not offered sufficient evidence—or indeed any evidence at all—that there was such a policy in place. Nor does Barela have sufficient evidence for his claim that the City of Woodland chief of police negligently failed to adequately train, instruct, or supervise his officers. The district court's dismissal of Barela's claims against both the City and its police chief was proper.

Barela does not dispute his lack of evidence with respect to these claims. He argues instead that the district court improperly dismissed his claims against the municipal defendants without first ruling on his motion to compel discovery—a motion that, if granted, might have yielded the evidence required. In fact, the district court considered Barela's motion to compel discovery along with the supporting materials, but denied the motion as moot following the summary judgment. Because the district court did not directly address the merits of Barela's motion, we review de novo. Clark v. Capital Credit & Collection Services, 460 F.3d 1162, 1178 (9th Cir. 2006). Even if we assume that Barela intended the motion to compel discovery as a Rule 56(f) motion, the bare allegations with respect to both the Monell claim and the negligence claim against the chief of police were cursory at best and unsupported by any evidence. They are not

3

sufficient to warrant a remand for further discovery. To satisfy the requirements of Rule 56(f), Barela's motion to compel—which was filed 10 days after the scheduled completion of discovery—must make clear what information was sought and how it would preclude summary judgment. Garrett v. County of San Francisco, 818 F.2d 1515, 1518-19 (9th Cir. 1987). Barela states merely that the information is "essential to establish conspiracy, pattern conduct damages, and collusion." He did not "show how additional discovery would preclude summary judgment [against the municipal defendants] and why [he could not] immediately provide 'specific facts' demonstrating a genuine issue of material fact." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989). The district court's implicit denial of the motion on the merits is affirmed.

Barela has also failed to state valid claims against prosecutors Baur and Ladouceur, or against defense attorney Cruser. Both prosecutors were acting within the scope of their duties and are therefore "not amenable to suit under § 1983." Kalina v. Fletcher, 522 U.S. 118, 124 (1997). Similarly, Cruser was acting in her capacity as public defender and was not a state actor for purposes of the statute. See Miranda v. Clark County, Nevada, 319 F.3d 465, 466 (9th Cir. 2003) (en banc).

4

We reverse the district court's dismissal of Barela's § 1983 claim against Officer Canepa. Under the Washington Privacy Act, it is not illegal to tape record a police officer when the officer does not have an expectation of privacy. See State v. Flora, 845 P.2d 1355, 1357-58 (Wash. Ct. App. 1992). See also Johnson v. Hawe, 388 F.3d 676, 683-85 (9th Cir. 2004). Even though the privacy act is not a basis for an arrest in this case, which Canepa knew or should have known, there is a dispute as to whether Barela's legal use of the tape recorder obstructed Canepa's investigation under Woodland Municipal Code 9.08.010 (obstructing a law enforcement officer). There is also a disputed issue of fact as to whether Barela physically blocked the entrance to the examination room, thus impeding Canepa from interviewing Barela's granddaughters and obstructing a law enforcement officer. For this reason, we reverse the district court's grant of qualified immunity to Canepa, and remand for further proceedings.[3]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.** Each party shall bear its own costs on appeal.

---

[3]Barela's motion to supplement the record with a transcript of the tape recording is denied. The tape recording itself is sufficiently clear; Barela's proposed supplement would add nothing material to the record.

5