# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TODD NEWLUN, and all other persons similarly situated, | No. 77403-4-I |
| Appellant/Cross Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| RICK SUCEE, commander of the Northwest Regional Drug Taskforce; CRAIG JOHNSON, police officer for the city of Bellingham; RICHARD FRAKES, deputy sheriff for Whatcom County; B.L. HANGER, TROOPER, Washington State Patrol; BELLINGHAM POLICE DEPARTMENT, subdivision of the city of Bellingham; WHATCOM COUNTY SHERIFF'S OFFICE, a subdivision of Whatcom County; and WASHINGTON STATE PATROL, a subdivision of the State of Washington, | |
| Respondents/Cross Appellants. | FILED: April 22, 2019 |

APPELWICK, C.J. — Newlun sued the Defendants for violation of the privacy act, chapter 9.73 RCW. He appeals the defense jury verdict. Newlun argues that the defendants are judicially estopped from taking a position in this case that is inconsistent with their arguments in a prior criminal case against him. We reject this argument and decline to consider judicial estoppel and privacy arguments that this court rejected in Newlun's prior appeal. We affirm.

FACTS

Bellingham police received a tip from an informant that Todd Newlun was illegally selling marijuana. Bellingham Master Patrol Officer Craig Johnson and the Northwest Regional Drug Task Force set up a controlled buy. During the planning stages of the operation, Officer Johnson and the Task Force decided that, for officer safety purposes, they would utilize a wire to transmit conversations during the controlled buy.

On March 16, 2011, Detective B.L. Hanger wore a wire that transmitted his conversations to Officer Johnson. Newlun v. Sucee, No. 72642-1-I, slip op. at 2 (Wash. Ct. App. May 23, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/726421.pdf (Newlun I). Detective Hanger and the informant drove to the Valley Village Mall, arriving at 1:30 p.m. Officer Johnson was parked nearby in an undercover police vehicle. Newlun arrived and parked next to Detective Hanger and the informant. Newlun and Detective Hanger rolled down their windows and had a brief conversation, agreeing to meet at Newlun's home in Sudden Valley.

Newlun and Detective Hanger drove their cars to Newlun's home, and Officer Johnson followed at a distance. Newlun and Detective Hanger parked in front of the home, and Officer Johnson parked nearby. Newlun entered Officer Hanger's vehicle and discussed the drug transaction for seven or eight minutes. Officer Johnson was listening over the wire and providing updates to other officers over a radio. Detective Hanger and the informant purchased marijuana and hasheesh from Newlun, and then left.

Newlun was arrested and charged. In the criminal proceeding, Newlun moved to suppress evidence of the drug transaction that was gathered from the transmitter. Newlun argued that the State violated RCW 9.73.210, which requires that a police commander or ranking officer first give written authorization for a wire. The State argued that it substantially complied with RCW 9.73.210 by obtaining the verbal authorization of Lieutenant Rick Sucee. The trial court granted the motion, finding that the failure to prepare a written authorization under RCW 9.73.210 required suppressing the testimony of participants in the transmitted conversation and anyone who could hear the transmission. Newlun pleaded guilty to a misdemeanor charge. Newlun I, No. 72642-1-I, slip op. at 4.

Newlun then filed this action under chapter 9.73 RCW, claiming that his privacy rights were violated by the electronic transmission of his private conversations. Id. He named numerous defendants: Commander Rick Sucee of the Northwest Regional Drug Task Force, Officer Craig Johnson, Whatcom County Sheriff's Deputy Richard Frakes, Detective Hanger, the Washington State Patrol, the Whatcom County Sheriff's Office, and the Bellingham Police Department ("Defendants"). Id. Newlun sought general damages under RCW 9.73.060 and exemplary damages under RCW 9.73.230. Id.

Considering several summary judgment motions, the trial court dismissed Newlun's claim for exemplary damages under RCW 9.73.230. Id. The trial court denied the Defendants' motion for summary judgment on the grounds that the transmitted conversation was not private, and therefore did not violate the privacy act. Id. The parties appealed both orders. Id. at 5. On appeal, this court affirmed

3

the dismissal of Newlun's claim for exemplary damages. Id. at 16-17. We also held that the privacy of the transmitted conversation was a question of material fact for the jury. See id. at 12. We rejected Newlun's argument that the Defendants were "judicially estopped from arguing that the conversation is not private because they claimed earlier that the remedy was liquidated damages, not exemplary damages." Id. at 8 n.6.

On remand, Newlun again argued that "collateral estoppel and/or equitable estoppel and/or judicial [estoppel]" prohibited the Defendants from arguing that the transmitted conversation was not private. The trial court denied the motion.

The jury returned a verdict for the defense, finding that the Defendants did not violate the privacy act. Newlun appeals the verdict.[1]

## DISCUSSION

Newlun first argues that the Defendants are judicially estopped from arguing that the transmitted conversations are not private. He contends that the first appeal did not address or decide whether there was a contradiction between the legal positions the Defendants maintained to defeat Newlun's claim for general and exemplary damages.[2]

---

[1] Defendant City of Bellingham cross appeals the trial court's denial of its CR 50 motion for a judgment as a matter of law. Most of the other Defendants join the cross appeal. They urge, however, that we not reach the cross appeal if we affirm the verdict. Because we affirm, we do not reach the Defendants' cross appeal.

[2] The Defendants argue that we should decline to review this argument because Newlun fails to apply the correct standard of review, cite to legal authority, or cite to the record. We generally will "not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis." Cook v. Brateng, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010) (citing Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549

"Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position." Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007) (quoting Bartley–Williams v. Kendall, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)). Judicial estoppel focuses on three factors: (1) whether a party's current position is inconsistent with an earlier position, (2) whether judicial acceptance of an inconsistent position in the later proceeding will create the perception that the party misled either the first or second court, and (3) whether the party asserting the inconsistent position will obtain an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Miller v. Campbell, 164 Wn.2d 529, 539, 192 P.3d 352 (2008).

As noted in Newlun I, we rejected the claim of judicial estoppel and that the positions taken by the State were inconsistent:

> Newlun argues that the [Defendants are] judicially estopped from arguing that the conversation is not private because they claimed earlier that the remedy was liquidated damages, not exemplary damages. We disagree. Judicial estoppel precludes a party from gaining an advantage by taking one position and then asserting an inconsistent position in later proceedings. . . . The [Defendant]'s position that the conversations are not subject to the protections of the [p]rivacy [a]ct is not inconsistent with seeking to limit the damages that Newlun could recover if he were to prevail at trial.

Newlun I, slip op. at 8 n.6 (emphasis added). In his reply, Newlun argues that "[t]he Court of Appeals was not aware of the City[ of Bellingham]'s motion [for summary judgment] in November 2013 to impose judgment against themselves

(1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989), aff'd, 115 Wn.2d 60, 794 P.2d 850 (1990); RAP 10.3(a)). We address Newlun's argument despite any deficiency.

for liquidated damages." But, <u>Newlun I</u> takes note of the November 2013 motion: "The [Defendants] later moved for summary judgment on the basis that Newlun had not proved any actual damages and was only entitled to liquidated damages. The trial court denied this motion and the [Defendants] did not request that final judgment be entered with respect to that order or that it be certified for appeal." <u>Newlun I</u>, slip op. at 4 n.3. Even though the order on the November 2013 motion was not designated for review, this court considered it when deciding that judicial estoppel does not apply.

Newlun also argues that, as a matter of law, the Defendants violated the privacy act. He claims:

> This court's holding creates a template that where there is a first time contact between the government agent and the target the anticipated is not private unless the target induces the government agent to enter his home and the conversation takes place there. The template holding of [<u>Newlun I</u>] is that if the person is unknown to the police, the police can intercept their conversation in the first time meeting conducted for the purpose of enticing or enabling the target to commit a criminal offense, if the conversation takes place inside a van parked on secluded street.

Newlun relies on <u>State v. Flora</u>, 68 Wn. App. 802, 845 P.2d 1355 (1992).[3] In <u>Flora</u>, the defendant recorded his arrest, which took place outside of his home with a third party present. <u>Id.</u> at 804. The court held that this was not private for the purposes of the privacy act. <u>Id.</u> at 808. The court clarified that "[d]etermining whether a given matter is private requires a fact-specific inquiry." <u>Flora</u>, 69 Wn. App. at 806. Only "[w]here the pertinent facts underlying the cause of action are

---

[3] Newlun concedes that <u>Flora</u> "was not mentioned previously in the briefing to this court." He nevertheless urges that we depart from our holding in <u>Newlun I</u> on the basis of authority that he did not cite in his last appeal on this issue.

undisputed . . . the determination is one of law." Id.

Here, the transmitted conversation also took place outside of Newlun's home, in a van, and in the parking lot of a busy shopping mall. While there is some factual similarity to Flora, this court did not conclude in the earlier appeal that as a matter of law the conversation was not private. It did not suggest the conversation would be private only inside a home. Thus, our decision was not as broad as Newlun claims. It did not expand what is not private for the purposes of the privacy act. Instead, consistent with Flora, we held there was a question of fact for the jury.

Under the law of the case doctrine, "once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). While RAP 2.5(c)(2) provides that we may review the propriety of a prior appellate decision, we do so only "where justice would best be served." Newlun makes no argument that justice would be served by reviewing our holding in Newlun I. We see no error in the previous decision which might indicate injustice. We therefore decline to review this argument again.

We affirm.

WE CONCUR: