[No. 21411–0–I.   Division One.   July 24, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY J. CAMARILLO, *Appellant.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca Roe* and *Barbara Linde, Deputies,* for respondent.

WINSOR, J.—Larry Camarillo (Camarillo) appeals his conviction on one count of indecent liberties. Camarillo contends that his Sixth Amendment right to a jury trial was violated because the trial court did not ensure a unanimous jury verdict in accord with *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984). The Washington Supreme Court decided *Petrich* 2 months after Camarillo's verdict was returned.

Camarillo was charged with one count of indecent liberties with S. Twelve–year–old S. testified at trial, detailing three separate occasions that Camarillo sexually abused him. Camarillo also testified. He denied having any sexual contact with S., but offered no direct evidence to contravene S.'s testimony.[1]

---

[1]Camarillo offered circumstantial evidence, presented through the testimony of an elderly woman with whom Camarillo shared his residence. The witness

At the close of evidence, the court instructed the jury that in addition to the other elements of the offense, the jury must find beyond a reasonable doubt "[t]hat on or about the time intervening between June 4, 1981 and July 10 1982, the defendant knowingly caused [S.] to have sexual contact with [him]". The court did not require the State to elect a particular incident to rely on for conviction or instruct the jury that it must unanimously conclude that one of the events actually occurred. The jury returned a guilty verdict on March 6, 1984.[2]

Camarillo contends that the trial court erred in failing to require the State to make an election or give the jury a unanimity instruction in accord with *State v. Petrich, supra.* Although Camarillo did not raise this issue at the trial court, it may be raised on appeal.[3]

In *Petrich,* the defendant was charged with two counts of sex–related offenses, each involving multiple incidents of illicit conduct with the same victim. At the close of evidence, the defendant moved to compel the State to elect which incident it would rely on for conviction, arguing that unless the jury agreed on one particular incident as the basis for each charge, the verdict would not be unanimous. The court denied the motion and the defendant was convicted on both counts.

The Supreme Court reversed, holding that failure to compel the State to elect which of the multiple incidents it

---

described the house's layout, particularly the location of Camarillo's room in relation to other rooms, her memory of the circumstances of S.'s and other children's visits to the home, and Camarillo's relationship with children in general.

[2]Subsequent to his conviction but prior to sentencing, Camarillo left the state of Washington. Camarillo was incarcerated in California from September 6, 1986, to September 16, 1987. Consequently, Camarillo was not sentenced for the 1984 conviction until October 29, 1987.

[3]The right to a unanimous verdict is of constitutional magnitude and consequently may be raised on appeal for the first time. *State v. Gooden,* 51 Wn. App. 615, 617, 754 P.2d 1000, *review denied,* 111 Wn.2d 1012 (1988); *State v. Gitchel,* 41 Wn. App. 820, 821–22, 706 P.2d 1091, *review denied,* 105 Wn.2d 1003 (1985); *State v. Fitzgerald,* 39 Wn. App. 652, 655, 694 P.2d 1117 (1985); RAP 2.5(a)(3).

would rely on for conviction was reversible error. *Petrich,* 101 Wn.2d at 573. The court cited *State v. Workman,* 66 Wash. 292, 119 P. 751 (1911), a similar case involving a single charge of statutory rape based on three alleged incidents. In *Workman,* the court held:

> [W]here the evidence tends to show two separate commissions of the crime, unless there is an election it would be impossible to know that either offense was proved to the satisfaction of all of the jurors beyond a reasonable doubt. The verdict could not be conclusive on this question, since some of the jurors might believe that one of the offenses was so proved and the other jurors wholly disbelieve it but be just as firmly convinced that the other offense was so proved. . . . [T]he proper course in such a case, after the evidence is in is to require the state to elect which of such acts is relied upon for a conviction.

66 Wash. at 294–95.

To ensure jury unanimity and avoid convictions where some jurors rely on one incident and some on another, the *Petrich* court announced a modified version of the *Workman* rule. The court held that when the State declines to elect an offense on which to rely for conviction, the court must instruct the jurors that they must unanimously conclude beyond a reasonable doubt that the same underlying criminal act actually occurred. *Petrich,* 101 Wn.2d at 572.

Had Camarillo been tried after *Petrich,* an election or unanimity instruction would have been required. Because *Petrich* was decided in May 1984, 2 months after Camarillo's March 6, 1984, conviction, we must determine whether *Petrich* applies retroactively. *See State v. Jordan,* 39 Wn. App. 530, 543, 694 P.2d 47 (1985) (engaging in retroactivity analysis where case establishing new precedent was decided after appellant's conviction), *review denied,* 106 Wn.2d 1011 (1986), *cert. denied,* 479 U.S. 1039, 93 L. Ed. 2d 847, 107 S. Ct. 895 (1987).

## RETROACTIVITY

Appellate courts engage in retroactivity analysis when asked to apply a new constitutional rule to a case decided

previous to announcement of the new rule. *In re Gunter*, 102 Wn.2d 769, 771, 689 P.2d 1074 (1984). In determining whether the new rule applies retroactively, courts balance three factors:

> 1. The purpose to be served by the new standards;
> 2. The extent of reliance by law enforcement officials on the old standards;
> 3. The effect on the administration of justice of a retroactive application of the new standards.

*Gunter*, 102 Wn.2d at 771–72.

■■ However,

> "[w]here the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its *truth–finding function* and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good–faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances."

(Italics ours.) *Gunter*, 102 Wn.2d at 772 (quoting *Williams v. United States*, 401 U.S. 646, 653, 28 L. Ed. 2d 388, 91 S. Ct. 1148 (1971)).

*Gunter* demonstrates a case in which a new constitutional rule clearly implicates the truth–finding function of the trial. In *Gunter*, the defendant was found guilty on one count of second degree assault, with a special finding that he was armed with a deadly weapon or firearm. The trial court failed to instruct the jury that the State was required to prove beyond a reasonable doubt that the defendant was armed with a deadly weapon or firearm for purposes of enhanced punishment. The defendant was convicted and received a mandatory minimum sentence. Four months after the defendant's conviction, the Supreme Court held in *State v. Tongate*, 93 Wn.2d 751, 613 P.2d 121 (1980), that the State must prove the presence of a deadly weapon beyond a reasonable doubt when seeking application of mandatory minimum sentencing provisions.

Gunter petitioned for relief from his conviction, alleging that the *Tongate* proof requirements were not met at his trial. The *Gunter* court held that the new constitutional rule established in *Tongate* merits full retroactive application. *Gunter,* 102 Wn.2d at 772. The court reasoned that the reasonable doubt standard plays a primary role in according defendants due process at trial and in reducing the risk of convictions based on factual error. *Gunter,* 102 Wn.2d at 772 (quoting *In re Winship,* 397 U.S. 358, 363, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970)).

The constitutional rule announced in *Petrich* is likewise related to the reasonable doubt standard. The sixth amendment to the United States Constitution guarantees criminal defendants the right to a jury trial. A derivative of this right is that defendants may be convicted only if a unanimous jury concludes beyond a reasonable doubt that they committed the alleged criminal acts. *State v. Fitzgerald,* 39 Wn. App. 652, 655, 694 P.2d 1117 (1985). The *Petrich* rule was designed to ensure jury unanimity regarding the particular incident relied on for conviction. Thus, application of the rule implicates the truth–finding function of the trial and merits full retroactive application.

In addition, applying *Petrich* retroactively would not mark a significant diversion from prior law. Courts generally do not retroactively apply new rules representing a clear break with the past. *State v. Diogo,* 50 Wn. App. 517, 521–23, 749 P.2d 206 (1988); *In re Suave,* 103 Wn.2d 322, 326–27, 692 P.2d 818 (1985); *Jordan,* 39 Wn. App. at 543–44. In *Diogo,* the court stated:

> In general, the Court has not subsequently read a decision to work a "sharp break in the web of the law," unless that ruling caused "such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one". Such a break has been recognized only when a decision explicitly overrules a past precedent of this Court, or disapproves a practice this Court arguably has sanctioned in prior cases, or overturns a longstanding and widespread practice to which this Court has not spoken,

but which a near–unanimous body of lower court authority has expressly approved.

50 Wn. App. at 521–22 (quoting *United States v. Johnson,* 457 U.S. 537, 551, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982)). In *Diogo,* the court held that a case which partially over-ruled precedent to provide clearer guidelines in applying the former rule did not represent a clear break with the past and should apply retroactively. *Diogo,* 50 Wn. App. at 522–23. *Petrich* likewise modified and clarified a long–standing rule and thus does not represent a clear break with the past. *See State v. Stephens,* 93 Wn.2d 186, 190, 607 P.2d 304 (1980); *State v. Parmenter,* 74 Wn.2d 343, 353–54, 444 P.2d 680 (1968); *Workman,* 66 Wash. at 294–95. In fact, the *Petrich* court expressly stated that its ruling was a modification of the *Workman* rule. *Petrich,* 101 Wn.2d at 572.

Because the *Petrich* rule relates particularly to the truth–finding process and its integrity and reliability, and does not represent a clear break with precedent, we hold that it should be given full retroactive effect.

## Harmless Error

Failure to require the State to make an election or give a unanimity instruction is reversible error. *State v. Loehner,* 42 Wn. App. 408, 409, 711 P.2d 377 (1985), *review denied,* 105 Wn.2d 1011 (1986); *State v. Handyside,* 42 Wn. App. 412, 416, 711 P.2d 379 (1985). "In general, when trial error abridges a right guaranteed to the defendant by the United States Constitution, the jury verdict will be affirmed only if that error was 'harmless beyond a reasonable doubt'." *State v. Kitchen,* 110 Wn.2d 403, 409, 756 P.2d 105 (1988) (citing *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967)).

*Loehner* and *Kitchen* state the standard for deter-mining harmless error in a multiple acts case, in which there has been no election by the State or unanimity instruction by the trial court. We read these cases to hold that the error is not harmless if a rational trier of fact could

have a reasonable doubt whether any one of the incidents offered to establish the crime actually occurred. *Kitchen,* 110 Wn.2d at 411 (citing *Loehner,* 42 Wn. App at 411 (Scholfield, A.C.J., concurring)).

In *Kitchen,* Kitchen and Coburn were charged separately with sex–related offenses, each involving multiple incidents of illicit conduct. The evidence against Kitchen was provided by a single witness, whom the defense impeached by introducing past contradictory statements. Evidence against Coburn was provided by several witnesses. Coburn offered contrary testimony to refute one victim's testimony and impeached another victim's testimony with a prior inconsistent statement. Other witnesses offered alternative reasons why one of the victims was upset at the time the defendant allegedly abused her. *Kitchen,* 110 Wn.2d at 406–07.

In each case, the trial court violated *Petrich* by not requiring the State to make an election or giving the jury a unanimity instruction. *Kitchen,* at 407–08. Both defendants were convicted. On review, the court held that failure to follow *Petrich* was not harmless beyond a reasonable doubt, and upheld the appellate court's reversal of the convictions. The court found that there was conflicting evidence regarding each act, and held that a rational juror could have entertained a reasonable doubt whether one or more of the incidents actually occurred. *Kitchen.*

Here, besides Camarillo's bare denial of the allegations, there is no direct, contravening evidence concerning the occurrence of the alleged incidents. The jury, in order to render the verdict it did, must have chosen to believe S. Because proof of the substantially similar incidents relied upon a single witness' detailed, uncontroverted testimony, and because Camarillo offered no evidence upon which the jury could discriminate between the incidents, a rational juror believing one of the incidents actually occurred would necessarily believe that the others occurred as well. *See Loehner,* 42 Wn. App. at 410. Thus, the trial court's failure

to require the State to make an election or give the jury a unanimity instruction was harmless error.

Camarillo raises several issues in his pro se brief, one of which, ineffective assistance of counsel at sentencing, appears to have substantial merit. However, because the brief contains no references to the record, RAP 10.3, we decline to consider the issues it raises. Camarillo is not foreclosed, however, from raising these issues in a personal restraint petition.

Judgment is affirmed.

COLEMAN, C.J., and GROSSE, J., concur.

Review granted at 113 Wn.2d 1023 (1989).