# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

In the matter of the Marriage of: )
)
MARLENE R. McREYNOLDS )  No. 67955-4-I
)
Respondent, )
)  UNPUBLISHED OPINION
and )
)
ROBERT LEE McREYNOLDS )
)
Appellant. )  FILED:    JUL - 8 2013
_____ )

PER CURIAM—Robert McReynolds, appearing pro se, appeals the superior

court's denial of his motion to terminate child support. We affirm.

An appellant proceeding pro se must comply with all procedural rules,[1]

and failure to do so may preclude review of the asserted claims.[2] This court

generally will not consider arguments that are unsupported by pertinent authority,

references to the record, or meaningful analysis.[3] In his appeal, Robert fails to

support the majority of his arguments with pertinent authority or meaningful legal

analysis. Moreover, many of his arguments lack references to the record

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[3] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficient argument); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record), affirmed, 115 Wn.2d 60, 794 P.2d 850 (1990); RAP 10.3(a).

required by RAP 10.3(a)(5). Taken together, these deficiencies are sufficient to preclude review. In addition, for the reasons set forth below, Roberts fails to establish any basis for relief.

In 1992, a court ordered Robert to pay child support to his former wife, Marlene McReynolds. The Division of Child Support (DCS) collected the support payments until April 2000, when Marlene indicated that she preferred to receive them directly from Robert.

In 2004, Marlene asked DCS to reopen her case and collect current and back support. DCS calculated that Robert owed back support of $38,560.78. Robert objected to this calculation, requesting credit for support payments he made directly to Marlene. A DCS conference board awarded him $7,550.00 in credit toward his support debt. Robert requested reconsideration, but the board issued a letter ruling declining to change its decision and informing Robert that the equitable credit he sought for "in kind" payments would have to be sought from a court.

Robert then filed a motion to terminate support in King County Superior Court. Instead of seeking equitable relief, the motion renewed the arguments Robert made to the conference board and challenged the board's ruling. In denying the motion, the superior court stated that "[t]he father's request for credit for back support paid was addressed through the administrative process of DCS with a final decision on 9/29/10 and no appeal was taken from that decision." Robert's motion was, in essence, a belated attempt to appeal the board's final decision issued in September 2010. Under the Washington Administrative

Procedure Act, Robert had 30 days after receiving the board's final decision to file an appeal with the superior court. RCW 34.05.542(3). Because Robert's motion was filed long after the 30 days expired, the superior court properly denied it.

Affirmed.

For the court:

_____

_____

Leach, C.J.