20!6 JUN 27  AH 8: 5



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICHARD AZPITARTE, | ) | No. 72749-4-I |
| Appellant | ) ) | |
| v. | ) ) | DIVISION ONE |
| JASON BISCAY, JANE DOE BISCAY, and the marital community composed thereof and MARVIN BURNETT, JANE DOE BURNETT and the marital community composed thereof, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | FILED: June 27, 2016 |

SPEARMAN, J. — Richard Azpitarte appeals orders granting respondents' motions to vacate default orders and judgments and dismissing his claims against them on summary judgment. We affirm.

## FACTS

In June 2004, Azpitarte failed to comply with a court order requiring him to remove vehicles stored on his property. Several months later, King County hired Cedar Rapids Towing (Cedar Rapids) to tow away a number of Azpitarte's vehicles, including a 1984 Chevrolet ramp truck. Since that time, Azpitarte has engaged in near continuous litigation involving the removal and sale of his vehicles.[1]

---

[1] Azpitarte initially sued King County for the seizure of the vehicles. See King County v. Azpitarte, noted at 130 Wn. App. 1047, 2005 WL 3462784; King County v. Azpitarte, noted at 136 Wn. App. 1021, 2006 WL 372405; Order Granting Motion to Dismiss, Azpitarte v. King County, No. C07–1998–JCC, 2009 WL 564732 (W.D.Wash. Mar. 3, 2009); King County v. Azpitarte, noted at 172 Wn. App. 1047, 2013 WL 222534. In 2010, Azpitarte began suing the purchasers of his seized vehicles. See Azpitarte v. Sauve, noted at 172 Wn. App. 1050, 2013 WL 223042, at *1; Azpitarte v. Sauve, noted at 188 Wn. App. 1016, 2015 WL 3766529, at *5.

In June 2005, Cedar Rapids sold the 1984 Chevrolet ramp truck to Jason Biscay. In January 2006, Biscay registered the truck in his own name. In 2008, Biscay sold the truck to Marvin Burnett.

In March 2012, Azpitarte filed this action against Jason and Brenda Biscay and Marvin Burnett for conversion, replevin, fraud, and misrepresentation. The complaint sought damages and an order requiring the return of the ramp truck.

On June 18, 2012, the Biscays filed a pro se "Response" denying Azpitarte's allegations of fraud and misrepresentation. The Biscays also claimed they had not "received anything regarding this case . . . until May 31st [sic], 2012." Clerk's Papers at 14.

In June 2012, Azpitarte obtained an order of default against Burnett.

In June 2013, Azpitarte moved to compel the Biscays to engage in discovery. The court denied the motion without prejudice, ruling that Azpitarte's "last attempt to communicate with the Defendant was in July 2012, almost one year ago," and that he was "required to meet and confer" with the Biscays. CP at 66.

In August 2013, the court ordered Azpitarte and the Biscays to resolve their discovery disputes or hire a discovery master.

In September 2013, the court ordered "completion of joint confirmation of trial readiness" and warned that noncompliance could result in sanctions, including entry of a default order. CP at 96.

On September 24, 2013, Azpitarte moved for sanctions and an order of default against the Biscays for failure to comply with discovery requests.

On October 7, 2013, the court declared the Biscays in default for failing to answer discovery questions or respond to the order compelling resolution of the discovery dispute.

The court subsequently entered separate default judgments against the Biscays and Burnett for $115,000.

In May 2014, the Biscays moved to vacate the default judgment against them. They denied receiving service of Azpitarte's pleadings or notice of hearings after the summons and complaint and claimed those omissions constituted "good cause" to vacate the judgment under CR 55. They also argued that Azpitarte's false claims of service amounted to fraud under CR 60(b)(4), that there had at least "been a mistake, inadvertence and/or irregularity in obtaining [the] order of default" under CR 60(b)(1), that default was an excessive discovery sanction, and that Azpitarte's claims were time barred. CP at 138-39. Azpitarte opposed the motion, arguing in part that three certificates of mailing demonstrated that he did in fact serve the Biscays.

Burnett moved to join in the Biscays' motion to vacate. He alleged that, after receiving notice of the suit, he spoke with Azpitarte by phone. Burnett claimed that after he described the poor condition of the truck, Azpitarte told him he "would not proceed" with his lawsuit against him. Burnett alleged that he received no further notice of any proceedings. Azpitarte confirmed that he spoke with Burnett by phone. He alleged, however, that Burnett told him "he was not going to defend this lawsuit because it would take too much money to hire an attorney . . . when the car wasn't worth that much." CP at 177. Because Burnett indicated he was not going to appear, Azpitarte did not provide him pleadings or notice of subsequent proceedings.

3

On June 26, 2014, the superior court entered an "Order on Motion to Vacate Default Judgment." The court found in part that "the *Defendants*" did not receive notice "as to critical hearings leading to the entry of the order [.]" (Emphasis added). The order vacated the default judgment against the Biscays, but failed to expressly mention the judgment against Burnett or Burnett's motion to join in the Biscays' motion to vacate.

On July 21, 2014, the Biscays and Burnett moved to vacate the *orders* of default due, in part, to lack of notice.

On August 1, 2014, the court vacated the *orders* of default against the Biscays and Burnett, stating:

> THE COURT FINDS that there were irregularities of procedure and fact in the obtaining of the orders . . . and that notice to the Defendants neither was accomplished as to critical hearings leading to the entry of the order nor complied with the court's instruction to hold an in-person conference on discovery issues . . . .

CP at 338.

Respondents moved for summary judgment, arguing that Azpitarte's conversion and replevin claims were barred by the statute of limitations, "the bona fide purchaser law," and res judicata. CP at 441. Azpitarte responded in part that the Biscays had not moved for summary judgment on his fraud/misrepresentation claim. The Biscays countered that all of Azpitarte's claims "have a three year statute of limitations, and since there is no separate showing of fact that would justify the court in applying the discovery rule to only the fraud claim but not the others, this claim need not be addressed on its merits as it is untimely." CP at 362.

In October 2014, the court dismissed Azpitarte's claims on summary judgment and later denied his motion for reconsideration. Azpitarte appealed both the summary

judgment order and the earlier order vacating his default judgment. Respondents filed a motion on the merits to affirm. Because this court has suspended the motion on the merits procedure, we denied the motion.

## Findings of Fact

Azpitarte first contends the superior court entered insufficient findings with its orders vacating the default judgments. He claims "there was no finding or order with respect to Burnett's motion to set aside the default judgment." Brief of Appellant at 20. For unknown reasons, the court did neglect to enter an order vacating the default judgment against Burnett. Nevertheless, the court's August 1, 2014 order set aside the underlying default orders against both Burnett and the Biscays. And as previously noted, that order included a finding that "there were irregularities of procedure and fact in the obtaining of the Orders" and "notice to the Defendants neither was accomplished as to critical hearings leading to the entry of the order nor complied with the court's instruction to hold an in-person conference on discovery issues." CP at 338. Once a default order is set aside for lack of notice, any default judgment relying on that order is void. Servatron, Inc. v. Intelligent Wireless Products, Inc., 186 Wn. App. 666, 679-80, 346 P.3d 831 (2015). Furthermore, it is clear from the record that the court's reasons for vacating the default orders and the Biscays' judgment of default were essentially the same. As discussed below, Azpitarte's challenges to those reasons on appeal fail. In sum, Azpitarte fails to demonstrate any prejudice from the court's failure to expressly vacate the default judgment against Burnett.

Azpitarte also contends the court's basis for vacating the default judgment against the Biscays "was only a general finding that the defendants were not notified of

5

some motions but the court does not say with specificity which deliveries were not made." Brief of Appellant at 20. While more specificity would have been preferable, the court's finding is sufficient to permit meaningful review.

Azpitarte's claim that the court erred in failing to enter findings on summary judgment is meritless. Findings are not required on summary judgment and when entered are superfluous on review. Redding v. Virginia Mason Med. Ctr., 75 Wn. App. 424, 426, 878 P.2d 483 (1994) (reviewing court may disregard findings of fact entered on summary judgment because no such findings are required); Duckworth v. City of Bonney Lake, 91 Wn.2d 19, 21-22, 586 P.2d 860 (1978).

### Vacation of Default Orders and Default Judgment

Azpitarte next contends respondents "supplied unreliable declarations containing multiple misrepresentations which precluded setting aside the orders of default . . . ." Brief of Appellant at 21. Under CR 55(c), a court may set aside an order of default for good cause shown. Under CR 60(b), a default judgment may be set aside for a variety of reasons, including mistakes, inadvertence, excusable neglect or irregularity in obtaining a judgment or order and a void judgment. When a court determines that a party did not receive proper notice prior to a default, they are entitled to vacation of both the order, as well as any judgment, of default. Servatron, Inc. v. Intelligent Wireless Products, Inc., 186 Wn. App. at 679. We review a trial court's decision to vacate a default order and judgment for abuse of discretion. Aecon Bldgs, Inc. v. Vandermolen Const. Co., Inc., 155 Wn. App. 733, 738, 230 P.3d 594 (2009). Our review is guided by policies disfavoring defaults and favoring the resolution of disputes on their merits. Griggs v. Averbeck Realty, Inc., 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). Because

6

defaults are disfavored, we are less likely to find an abuse of discretion when a court vacates a default order or judgment than when it does not. See Griggs, 92 Wn.2d at 582.

Azpitarte contends there was no basis to vacate the default against Burnett because he never appeared in the action and thus was not entitled to notice. But Azpitarte overlooks the undisputed fact that Burnett and Azpitarte spoke by phone shortly after the suit commenced. According to Burnett, he told Azpitarte the vehicle was in poor condition and Azpitarte replied that he would not proceed with the suit against him. Azpitarte provides no authority or analysis as to what constitutes an appearance.[2] Nor does he provide any authority or analysis regarding the resolution of conflicting declarations in a motion to vacate.[3] We need not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis. See generally RAP 10.3(a)(6) (parties are required to support their arguments with citations to legal authority and references to relevant parts of the record); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument."); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (citing Bohn v. Cody, 119 Wn.2d 357, 368, 832

---

[2] We note that a single phone call may be sufficient to constitute an informal appearance in a lawsuit. Sacotte Const., Inc. v. National Fire & Marine Ins. Co., 143 Wn. App. 410, 416, 177 P.3d 1147 (2008).

[3] In addition, it appears that Azpitarte did not request an evidentiary hearing below for any conflict in the declarations and thus waived the issue. Leen v. Demopolis, 62 Wn. App. 473, 478-79, 815 P.2d 269 (1991). (Demopolis waived argument that court should have conducted evidentiary hearing on conflicting affidavits by not raising it below.)

P.2d 71 (1982)) (no references to the record); RAP 10.3(a). Azpitarte's omissions are fatal to this claim.

Azpitarte's briefing regarding the Biscays' motion to vacate is similarly deficient. He claims he provided them sufficient notice of all pleadings and proceedings leading up to the default. But statements in his briefing concerning the law of notice are unsupported by any authority. Also, the factual statements in the argument sections of his opening and reply briefs are not supported by references to the record, and the statement of substantive facts in his opening brief is supported by a single reference to the record. These violations of RAP 10.3 and the aforementioned case law preclude review.[4]

Finally, to the extent Azpitarte contends the motions to vacate were untimely, he provided no meaningful analysis or authority until his reply brief. This was too late. Cowiche Canyon, 118 Wn.2d at 809 (issues first raised in reply are too late to warrant consideration). Furthermore, contrary to Azpitarte's assertions, a motion to vacate a default order and default judgment may be filed more than one year after the judgment because a lack of notice for either renders the judgment void. Servatron, 186 Wn. App. at 679.

---

[4] Although we do not decide the question, the superior court's finding regarding procedural irregularities appears to be supported by the record. It is undisputed that Azpitarte did not provide Burnett notice of the default proceedings. The Biscays alleged they "had no actual notice of any of the hearings or discovery requested, and no notice that a default had been entered." CP at 136. Specifically, they alleged they received no notice of the motion for Burnett's order of default, the motions to compel answers to discovery, a motion to change the trial date, the motion and/or order requiring the parties to meet and confer on discovery issues, the order compelling the Biscays to answer discovery within five days, the motion and order of default against the Biscays, and the motion for a judgment of default. In response, Azpitarte provided three certificates of mailing for undescribed items mailed on August 23, 2013, September 9, 2013, and December 17, 2013. In an attached declaration, he mentioned the three certificates but did not say what he mailed on those dates or provide proof that he provided notice of the other motions, orders, or hearings the Biscays claimed they never received.

## Summary Judgment

Azpitarte also contends the superior court erred in granting summary judgment because the respondents' declarations allegedly contained various misrepresentations. But nowhere in his opening brief does he address respondents' arguments below that his claims are barred by the statute of limitations. Although he raises arguments to that effect in his reply brief, they come too late. Cowiche Canyon, 118 Wn.2d at 809. In addition, the record provided is insufficient since it does not contain Azpitarte's August 26, 2014 response to the motion for summary judgment. Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988) (appellant has the burden to provide a record sufficient to review issues raised on appeal).

In any event, the court did not err in granting summary judgment. It is undisputed that the statute of limitations for conversion, replevin, and fraud/misrepresentation claims is three years. RCW 4.16.080(2) (for "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof . . . ."); RCW 4.16.080(4) (fraud). It is undisputed that Azpitarte filed his suit roughly seven years after Biscay purchased the truck, and four years after Burnett bought it from Biscay. Thus, if the limitations period commenced on or around these dates of sale, then Azpitarte's action was filed beyond the three-year statute of limitations.

Azpitarte argues, however, that there are fact questions as to whether, under the discovery rule, the limitations period commenced much later when he discovered facts supporting the elements of his causes of action. Under the discovery rule, a cause of action does not accrue, and the applicable statute of limitations does not begin to run, until a party knows or in the exercise of due diligence should know the facts establishing

a legal claim. Crisman v. Crisman, 85 Wn. App. 15, 20, 931 P.2d 163 (1997). It is the plaintiff's burden to prove that the necessary facts could not have been discovered during the limitations period. G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc., 70 Wn. App. 360, 367, 853 P.2d 484 (1993). Azpitarte contends there is an issue of fact as to whether the necessary facts could have been discovered during that period. We disagree.

Azpitarte admits that "immediately" after Cedar Rapids towed his vehicles away in 2004, he went to the tow lot and discovered that some of his vehicles, including the truck at issue in this case, were missing. CP at 369. Shortly thereafter, Azpitarte allegedly saw the truck on the side of the highway and contacted the state patrol. A state patrol officer "advised him to file for title because [the officer's] investigation on May 18, 2005 showed no AVR [Abandoned Vehicle Report] and no vehicle on [Cedar Rapids'] premises as required by state law."[5] Reply Br. at 6. In June 2005, Biscay filed an "Abandoned Vehicle Report – Affidavit of Sale" for the truck with the Department of Licensing. In January 2006, Biscay registered the truck with DOL in his own name. Azpitarte knew by no later than 2007 that his vehicles were being sold by Cedar Rapids and not always through a legal auction. These facts triggered a duty to use diligence.

But as in his previous cases involving other vehicles, Azpitarte fails to demonstrate an issue of fact on his claim that he could not have discovered, through the exercise of due diligence, the facts supporting his causes of action more than three

---

[5] While Azpitarte claims he did not know the facts supporting his fraud/misrepresentation claim until he obtained a "falsified AVR" and police investigation report in 2009, we have previously noted, and Azpitarte admits, "that the initial [police] investigation of Cedar Rapids Towing took place in May 2005." Azpitarte v. Sauve, noted at 188 Wn. App. 1016, 2015 WL 3766529, at *5.

10

years before he filed this suit in March, 2012.[6] While he points out statutory limitations on access to government records containing the names and addresses of vehicle owners, he overlooks the fact that the statute expressly contemplates access to such records by an attorney or private investigator. Former RCW 46.12.380(4) (2010). Azpitarte makes no showing that he could not access DOL records of the Biscays' and Burnett's vehicle registrations through an attorney or private investigator.

Azpitarte also states in conclusory fashion that summary judgment was improper because he "could not attend oral argument and the defendants never served a key declaration on him . . . ." Brief of Appellant at 2. These arguments are unsupported by meaningful argument and authority. His contention that summary judgment was improper because respondents never challenged the fraud/misrepresentation claim in his amended complaint is contrary to the record.[7]

Affirmed.[8]

WE CONCUR:

_Spearman, J._

_Trickey, A.C.J._

_Schindler, J._

---

[6] See Azpitarte v. Sauve, 188 Wn. App. 1016 at *3 (after noting that sale and registration of subject vehicle occurred in 2005, and that Azpitarte claimed that second purchaser used forged AVR to fraudulently obtain title, this court held that "Azpitarte has not met his burden to show he acted with due diligence in discovering the basis for his causes of action. The trial court did not abuse its discretion in declining to apply the discovery rule to Azpitarte's claims of conversion, fraud, civil conspiracy, and replevin. Consequently, these claims are time-barred."); Azpitarte v. Sauve, noted at 172 Wn. App. 1050, at *3, 2013 WL 223042 (noting that vehicle was sold and AVR filed in 2004, that it was registered with DOL in 2005, and that Azpitarte claimed he did not discover grounds for fraud until he received police investigation report in 2009, we held that "Azpitarte fails to identify any genuine issue of fact as to application of the discovery rule to toll or extend the statute of limitations.").

[7] Contrary to Azpitarte's assertions, respondents argued in their summary judgment pleadings that _all_ of his causes of action, including his fraud / misrepresentation claim, were time barred.

[8] Because we conclude Azpitarte failed to carry his burden on appeal due to deficiencies in his briefing, we do not reach his motion to strike portions of respondents' brief.