# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ERIC ROOTVIK, | ) | No. 73828-3-I |
| Petitioner, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND INDUSTRIES, | ) ) ) | |
| Respondent. | ) ) ) | FILED: January 17, 2017 |

APPELWICK, J. -- Rootvik seeks discretionary review of an infraction and penalty for advertising his closet system services without first registering as a contractor under RCW 18.27.010, .020, and .200(1)(a). We deny discretionary review.

## FACTS

In October 2013, the Department of Labor and Industries (Department) learned that Rootvik, operating under the business name "Eric the Closet Guy," had posted custom closet ads online without registering as a contractor. In a Craigslist ad, Rootvik stated in part:

> I have been building customer closet[s] for homes all over the Seattle area.
>
> Unlike most of my competitors, I actually have the skill and resources to create a one of a kind closet organization system for

you. Equally important and often overlooked would be the engineering of your cabinetry. After all, I would think the second most important thing would be never having the need to call me unless you are looking for more closet work in other areas. In other words, you will never need to call me back on warranty.

[I] cannot wait to hear from you.

The ad had a reply button that allowed consumers to respond directly to Rootvik.

Department Inspector Terri Zenker clicked on a link in the Craigslist ad that said "Visit Eric the Closet Guy." This took her to Rootvik's business website, www.erictheclosetguy.com. A photograph on that website showed a large walk-in closet with tall shelving units, cabinets, and a central island with drawers. The homepage described Rootvik's work as "Custom Closets, Closet Shelving, Home Office, Pantry Shelving." Under the "About Us" tab, Rootvik stated,

I have many years of remodeling and remodeling related business experience starting in 1980. . . .

I specialize in custom one of a kind closet systems, office spaces, pantries, storage shelves, and garage systems for a very competitive price. No one beats my quality. Additionally, my many years of experience in the remodeling industry has taught me a great many lessons about the correct way to install things.

The website also stated that Rootvik's business was "featured on houzz," a business promotional website. On www.houzz.com, Rootvik said that "more and more I'm being asked to put my custom carpentry and artisan design abilities to work in closets that are more elaborate. As a result, I am inspired by many styles from French design to contemporary, utilizing green materials and LED [(light-emitting diode)] lighting."

Zenker also viewed Mr. Rootvik's LinkedIn[1] profile. It stated that he "designs, engineers, and installs custom closet systems" and had "greatly reduc[ed] call-backs compared to his competitors."

Zenker informed Rootvik that under RCW 18.27.200(1) (a)[2], he needed to register as a contractor to advertise his services. Rootvik told her he was exempt from registration under RCW 18.27.090(5).[3] The Department disagreed and issued him an infraction and a $1,000 penalty. Rootvik filed an administrative appeal.

At the administrative hearing, Rootvik testified that he uses vertical and horizontal panels of different widths and lengths in his closet shelving work. A single 84-inch vertical partition can weigh between 12 and 30 pounds. To install

---

[1] www.linkedin.com is a business and employment oriented social networking service that operates via a website.

[2] RCW 18.27.200(1) provides in part:

It is a violation of this chapter and an infraction for any contractor to:

(a) Advertise, offer to do work . . . or perform any work as a contractor without being registered as required by this chapter.

[3] RCW 18.27.090(5) provides:

The registration provisions of this chapter do not apply to:

. . . .

(5) The sale of any finished products, materials, or articles of merchandise that are not fabricated into and do not become a part of a structure under the common law of fixtures.

these, Rootvik installs a hang rail, securing it to the wall studs with drywall screws. He then hangs the closet panels on the rail and installs the shelves, which are fit to length, in the closet panels. He warrants his work and does repairs if requested.

The administrative law judge (ALJ) ruled that Rootvik's advertised services came within the definition of contractor in RCW 18.27.010 and the specialty contractor classification for closets under WAC 296-200A-016(7). Having concluded that Rootvik's services came within the definition of a contractor, the ALJ concluded he violated RCW 18.27.200(1)(a) when he advertised those services without registering. The ALJ's decision stated in part:

> 6.11 . . . . The actions Mr. Rootvik offers to perform, the installation of custom closet systems that hang from a rail that is screwed into wall studs, comes within the definition of "contractor" as set forth in RCW 18.27.010. The removability of Mr. Rootvik's custom closet systems does not alter the nature of the work performed to install them in the first place. . . .

> 6.12. RCW 18.27.090(5) exempts from contractor registration requirement[s], the sale of any finished products, materials, or articles of merchandise that are not fabricated into and do not become a part of a structure under the common law of fixtures. However, because the work performed by Mr. Rootvik includes the installation of closet systems, the current statutory exemption for the sale does not apply to Mr. Rootvik's work. . . . The former statutory exemption . . . for the installation of any finished products, materials, or articles of merchandise that are not fabricated into and do not become a part of a structure under the common law of fixtures, was removed by the legislature in 2007 (LAWS of 2007, Chapter 436, Section 6), thereby evidencing a clear legislative intent that such installation work not be exempted from contractor registration requirements.

The ALJ affirmed the infraction and penalty. Rootvik appealed to superior court, which affirmed.

Rootvik then filed a notice of discretionary review in this court. He also filed a "Request for appointment of counsel and ADA[, 42 U.S.C. §§ 12101-12213,] accommodations" in the Washington State Supreme Court. The Supreme Court denied Rootvik's request "because [his] claim that he has a disability . . . was not substantiated and the record suggests that [he] has a capacity to present his case . . . that is equal to the capacity and opportunity of pro se appellants without disabilities."

In June 2016, this court returned Rootvik's opening brief for failure to comply with the Rules of Appellate Procedure. We directed Rootvik to file a corrected brief in compliance with an enclosed checklist.

In July 2016, Rootvik filed an opening brief with a motion "to deviate from the standard briefing format." A commissioner of this court denied the motion, stating in part that Rootvik

> appears to disagree with the Supreme Court's decision denying his request for accommodations . . . .
>
> The appellant's brief filed on July 19, 2006 is accepted as his opening brief. <u>However, this does not mean that this Court will disregard any deficiency in the content of the brief</u>."

(Emphasis added.) Rootvik moved to modify this ruling and a panel of this court denied the motion.

## STANDARDS OF REVIEW

By statute, Rootvik's infraction and penalty are reviewable only via discretionary review under RAP 2.3. RCW 18.27.310(4) ("The decision of the superior court is subject only to discretionary review pursuant to Rule 2.3 of the Rules of Appellate Procedure"); <u>Dep't of Labor & Indus. v. Davison</u>, 126 Wn. App. 730, 735, 109 P.3d 479 (2005). Rootvik contends discretionary review is warranted under RAP 2.3(b) and (d).

Under RAP 2.3(b), this court accepts discretionary review in the following circumstances:

> (1) The superior court has committed an obvious error which would render further proceedings useless;
>
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;
>
> (3) The superior court <u>has so far departed from the accepted and usual course of judicial proceedings</u>, or so far sanctioned such a departure by an inferior court or <u>administrative agency</u>, as to call for review by the appellate court.
>
> (4) The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

RAP 2.3(b) (emphasis added). Subsection (3) is arguably applicable here. RAP 2.3(d), on the other hand, is arguably not applicable since it expressly applies only to "review of a superior court decision in a proceeding to review <u>a decision</u>

of a court of limited jurisdiction."[4] A court of limited jurisdiction is a "court organized under Titles 3, 35, or 35A RCW." RCW 3.02.010.

In reviewing an administrative action, we sit in the same position as the superior court and review the administrative law judge's decision under the Administrative Procedure Act, chapter 34.05 RCW. Davison, 126 Wn. App. at 737. Because Rootvik has not assigned error to the ALJ's findings, they are verities on review. Mercer Island Sch. Dist. v. Office of the Superintendent of Pub. Instruction, 186 Wn. App. 939, 960, 347 P.3d 924, review denied, 184 Wn.2d 1024, 361 P.3d 746 (2015).

## DISCUSSION

Our review is governed by Rules of Appellate Procedure (RAP) and substantive law that apply equally to litigants represented by counsel and those who proceed pro se. Westberg v. All–Purpose Structures, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997) ("[P]ro se litigants are bound by the same rules of procedure and substantive law as attorneys."). Failure to comply with these rules can preclude

---

[4] RAP 2.3(d) allows review of "a decision of a court of limited jurisdiction":

>    (1)    If the decision of the superior court is in conflict with a decision of the Court of Appeals or the Supreme Court; or
>
>    (2)    If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or
>
>    (3)    If the decision involves an issue of public interest which should be determined by an appellate court; or
>
>    (4)    If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by the court of limited jurisdiction, as to call for review by the appellate court.

appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999) (declining to consider arguments where pro se brief did not comply with RAP); Atkinson v. Estate of Hook, 193 Wn. App. 862, 873, 374 P.3d 215, review denied sub nom. In re Estate of Hook, 186 Wn.2d 1014, 380 P.3d 483 (2016) (declining to address discretionary review where parties did not discuss RAP 2.3(b)).

Despite this court's repeated warnings regarding deficiencies in Rootvik's briefing, his briefs in support of discretionary review violate a number of rules and principles of review. His opening brief contains no statement of the case as required by RAP 17.3(b)(5). Many of his contentions lack citation to pertinent authority or references to the record and thus need not be considered. RAP 17.3(b)(3)-(6); see Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficient argument); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (references to the record), aff'd by, 115 Wn.2d 60, 794 P.2d 850 (1990). And, while Rootvik recognizes his burden to establish grounds for discretionary review under RAP 2.3, he fails to explain how any of the criteria in the rule are satisfied. Taken together, these deficiencies are fatal to his motion for discretionary review. A review of his main arguments supports this conclusion.

Rootvik's principal argument is that the ALJ's statutory interpretation conflicts with the decision in Davison. But, as discussed below, Davison is distinguishable and Rootvik fails to support his interpretation of the statutes and their post-Davison amendments with adequate analysis or authority.

In Davison, an ALJ concluded that a custom cabinet maker's manufacture and installation activities were exempt from contractor registration requirements. 126 Wn. App. at 732-33. The superior court reversed, but the Court of Appeals reversed the superior court and affirmed the ALJ. Id. at 741. Applying former RCW 18.27.090(5) (2003), the court concluded that "substantial evidence supported the ALJ's finding that the cabinets were not permanently secured to the homeowner's walls and that therefore [appellant] was exempt from contractor registration requirements." Id. at 733.

The version of RCW 18.27.090(5) applied in Davison, however, exempted "[t]he sale or installation of any finished products, materials or articles of merchandise that are not actually fabricated into and do not become a permanent fixed part of a structure." Former RCW 18.27.090(5) (LAWS OF 2003, ch. 399, § 401) (emphasis added). Following Davison, the legislature removed the words "or installation" from the exemption statute. LAWS OF 2007, ch. 436, § 6. At the same time, the legislature added the words "cabinet or other similar installation" to the statutory definition of "contractor." Former RCW 18.27.010(1) (LAWS OF 2007, ch. 436, § 1) ("Contractor includes any person, firm . . . or other

entity who or which . . . offers to undertake . . . to . . . add to [or] improve . . . any building . . . including . . . <u>cabinet or similar installation</u>." (emphasis in original)).

The Department argues, and the ALJ and superior court agreed, that the 2007 amendments demonstrated a legislative intent to remove the contractor registration exemption for <u>installation</u> of products like Rootvik's. In support of its position, the Department provides a thorough analysis of the statutes, including the definition of "contractor" in RCW 18.27.010(1), the purposes of the registration statutes as expressed in RCW 18.27.140, the specialty contractor regulation applicable to closet work, WAC 296-200A-016(7), and the statute containing exemptions to the contractor registration requirements, RCW 18.27.090(5). Although Rootvik disagrees with the Department's and the ALJ's reasoning, he neither cites nor adequately applies the relevant rules of statutory construction. He thus fails to carry his burden of demonstrating that the ALJ's statutory interpretation warrants discretionary review.

For the first time on appeal, Rootvik contends RCW 18.27.310(2) unconstitutionally shifts the burden of proof in proceedings under chapter 18.27 RCW. But, this court does not review constitutional errors raised for the first time on appeal absent a showing of "manifest" error affecting a constitutional right. RAP 2.5(a). This requires the appellant to identify a constitutional error <u>and</u> demonstrate actual prejudice. <u>State v. McFarland</u>, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). It is the appellant's burden to demonstrate a basis for review

under RAP 2.5(a). State v. Grimes, 165 Wn. App. 172, 185-86, 267 P.3d 454 (2011). Rootvik's opening brief makes no mention of RAP 2.5(a) and fails to demonstrate actual prejudice. He thus fails to carry his burden.

For the first time in his reply brief, Rootvik argues, without citation to relevant authority, that the proceedings below were quasi-criminal and that "[a]s soon as I said I was exempt . . . I negated the charge and the burden shifted back to the department." These arguments fail because they are raised for the first time in a reply brief, are not supported by authority, and are insufficiently argued. Cowiche Canyon, 118 Wn.2d at 809 (court need not consider arguments raised for first time in reply brief); Peste v. Mason County, 133 Wn. App. 456, 469 n.10, 136 P.3d 140 (2006) (we do not address constitutional arguments that are not supported by adequate briefing); City of Spokane v. Taxpayers of City of Spokane, 111 Wn.2d 91, 96, 758 P.2d 480 (1988) ("Constitutional arguments should not be addressed when they have not been adequately briefed.").

Rootvik also contends that the Department failed to establish jurisdiction because it did not prove that the internet server containing his webpage was located in Washington State. But, he cites no statutes or pertinent case authority supporting his assertions regarding jurisdiction in general, or his claim regarding server location in particular. We decline to consider his claim.

Finally, Rootvik challenges the ALJ's alternative holding that he also qualifies as a contractor under the "closet" specialty defined in WAC 296-200A-016(7). The regulation states that "[a] contractor in this specialty installs, repairs, and maintains the lateral or horizontal shelving systems, racks, rails, or drawers involved in a closet or storage system." WAC 296-200A-016(7). Although Rootvik claims no evidence showed that he repairs and maintains his closet systems, the record belies his claim. As the Department notes, there was evidence that Rootvik warranties his work and claims to have reduced "call-backs" compared to competitors.

We decline to consider the other arguments raised for the first time in Rootvik's reply brief.

Review is denied.