IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>JARED MATTHEW MCLAUGHLIN,<br><br>        Appellant,<br><br>and<br><br>MELODIE ANNA MCLAUGHLIN,<br><br>        Respondent. | No. 78540-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: April 15, 2019 |

PER CURIAM — In the dissolution of Jared and Melodie McLaughlin's marriage, the trial court ordered Jared to pay spousal support. Jared appeals, but our review is precluded by various fatal procedural deficiencies. Further, Jared fails to meet his burden to show that the spousal support was an abuse of discretion. We affirm.

## FACTS

Jared and Melodie McLaughlin married on August 1, 2015. After two domestic violence incidents, they separated in June, 2017. At the dissolution hearing, Jared testified that he earned $12 per hour and worked 29 hours per week. Melodie testified that she suffered a traumatic brain injury after Jared assaulted her, and was unable to continue working in her field. The trial court found that Melodie had a need for spousal support, but also that Jared's ability to

pay was limited. In its May 31, 2018 divorce order, the trial court ordered that Jared pay Melodie $250 each month in spousal support for five years.

Jared appeals. Melodie appears pro se, but elected not to file a responsive brief.

## DISCUSSION

We review dissolution orders for abuse of discretion. In re Marriage of Wilson, 165 Wn. App. 333, 339, 267 P.3d 485 (2011). "We treat the trial court's findings of fact as verities on appeal so long as they are supported by substantial evidence." In re Marriage of Black, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017) (citing In re Marriage of Chandola, 180 Wn.2d 632, 642, 327 P.3d 664 (2014). Evidence is substantial when it is "sufficient to persuade a fair-minded person of the truth of the matter asserted." In re Marriage of Chandola, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). "So long as substantial evidence supports the finding, it does not matter that other evidence may contradict it." In re Marriage of Burrill, 113 Wn. App. 863, 868, 56 P.3d 993 (2002). This court does not review the trial court's credibility determinations or weigh conflicting evidence. Black, 188 Wn.2d at 127 (citing In re Welfare of Sego, 82 Wn.2d 736, 740, 513 P.2d 831 (1973)).

The law does not distinguish between litigants who choose to proceed pro se and those who seek assistance of counsel. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (citing In re Marriage of Wherley, 34 Wn. App. 344, 349, 661, P.2d 155 (1983)). Both must comply with applicable procedural rules. Id. We generally will "not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful

2

analysis." Cook v. Brateng, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010) (citing Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989), aff'd, 115 Wn.2d 60 (1990); RAP 10.3(a)). Further, the party presenting an issue for review has the burden of providing an adequate record to establish the asserted error. RAP 9.2(b); State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). The failure to provide such a record may preclude our review. Id.

Jared fails to comply with these requirements. His brief has no citation to authority, limited citation to the record before the court, and little, if any, meaningful analysis. His brief recites facts that are not supported by the record and were not before the trial court. Exhibits cited in his brief, such as police reports and pay stubs, are not in the record for our review. These fatal deficiencies preclude our ability to fairly and fully apply the standard of review.

However, to the extent possible, we have considered the merits of Jared's claims. He primarily argues that the trial court erred by awarding Melodie $250 in monthly spousal support for a term of five years. In awarding this support, the court found that "I am going to order it because of need, but I'm also going to find that the husband's ability to pay is limited."

Jared argues that "Washington State calculates one year of support for every three years of marriage." But he cites no authority for this rule; nor have we found any. Rather, in Washington, the trial court can award maintenance to either party after consideration of all relevant statutory factors. In re Marriage of

Zahm, 138 Wn.2d 213, 227, 978 P.2d 498 (1999). The statutory factors for maintenance include the financial resources of the party seeking maintenance, time necessary to obtain the skills for employment, the parties' standard of living during the marriage, duration of the marriage, the age, physical and emotional condition, and financial obligations of the seeking party, and the ability to pay of the other party. RCW 26.09.090(1)(a)-(f). "Nothing in RCW 26.09.090 requires the trial court to make specific factual findings on each of the factors listed in RCW 26.09.090(1). The statute merely requires the court to consider the listed factors." In re Marriage of Mansour, 126 Wn. App. 1, 16, 106 P.3d 768 (2004). An award that does not evidence a fair consideration of the statutory factors, however, is an abuse of discretion. In re Marriage of Spreen, 107 Wn. App. 341, 349, 28 P.3d 769 (2001).

Here, the record demonstrates that the court considered statutory factors when making its award. It cited Melodie's need for support and Jared's ability to pay it. These findings are supported by substantial evidence in the record. Under oath, Melodie explained that she had a limited potential for income. "I will have to return to school, because I cannot work in the field that I had already trained in due to my memory from the head trauma that I received. . ." Further, she was "applying for Social Security [Disability], but. . . [had not] been approved for it yet." While Jared argues that Melodie's testimony is "unsubstantiated," it provides substantial evidence of her need for spousal support.

The court also found that Jared has a limited ability to pay spousal maintenance. Jared's testimony supports this finding. He explained, "I

personally have supported Melodie and her children for the five years of our entire relationship." He testified that he typically earns $12 per hour, and at the time of the hearing, he earned $12 per hour and worked 29 hours a week. Jared's testimony is substantial evidence of his limited ability to pay spousal support. We do not consider the facts recited by Jared in his brief regarding his income because they are not supported by the record.

While the court did not make specific factual findings on each of the RCW 26.09.090(1) factors in its oral ruling, it was not required to. Mansour, 126 Wn. App. at 16. Further, the record is replete with testimony on each statutory factor. Melodie testified that, in order to support herself, she would need time to figure out what she was going to do and return to school. She testified that her financial obligations were $2,000 each month to cover her rent and bills. The court heard testimony on the amount of rent paid by the couple, which reflected the standard of living during the marriage. With respect to their physical and mental condition, both parties testified that they suffered from posttraumatic stress disorder, and Melodie testified that she suffered from a traumatic brain injury. The award here evidenced a fair consideration of the statutory factors and was not an abuse of discretion.

Jared argues that "Melodie repeatedly gave unsubstantiated testimony at trial that resulted in a false picture of events that led to dissolution, and seeking spousal support in the decree." Even if we ignore that Jared recites facts in support of this argument that are not in the record, his argument reflects a misunderstanding of the role of an appellate court. We do not re-weigh the

evidence, as the weight and credibility of evidence are issues within the sole discretion of the trial court. In re Marriage of Rich, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996) (citing In re Sedlock, 69 Wn.App. 484, 491, 849 P2d 1243 (1993)). Determining the credibility of the witnesses and the weight to assign to conflicting testimony is for the trial judge, whose findings we review only to determine whether they are supported by substantial evidence.

Affirmed.

For the Court: