IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| POMAIKAI, LLC, a Washington State Limited Liability Company, | No. 79180-0-I |
| Respondent, | DIVISION ONE |
| v. | |
| BORIS POVZNER, EMILIA LYUBIMOVA, and EUGENE POVZNER, | UNPUBLISHED OPINION |
| Appellants, | |
| All Other Occupants, | |
| Defendants. | FILED: November 18, 2019 |

CHUN, J. — The trial court concluded that Boris Povzner, Eugene Povzner, and Emilia Lyubimova (collectively, Appellants) were guilty of unlawful detainer, thus entitling Pomaikai, LLC, to possession. We affirm.

## I. BACKGROUND[1]

Appellants previously owned the Bellevue property at issue. A Notice of Trustee's Sale dated July 20, 2018, terminated Appellants' rights to occupy the property. On or about September 14, 2018, Pomaikai purchased the property. Appellants failed to vacate the property, so Pomaikai commenced an unlawful detainer action.

---

[1] Clerk's papers were not filed with this court. We have little of the trial court record before us.

Appellants represented themselves before the trial court. The trial court concluded the appellants were guilty of forcible and unlawful detainer under RCW 59.12.020 and RCW 59.12.030(1) and directed the Clerk of Court to issue a writ of restitution to restore possession of the property to Pomaikai. This appeal ensued.

## II. ANALYSIS

Appellants represent themselves before us. We hold self-represented litigants to the same standards as attorneys; they must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Appellants must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Further, we need not search through the record for evidence relevant to a litigant's arguments or for applicable legal authorities. Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989). Failure to identify specific legal issues or cite applicable authority may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

Appellants also bear the burden to provide a record sufficient to review the issues raised on appeal. Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). We may decline to consider issues unsupported by references to the record. State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989).

2

Portions of appellants' briefing are incomprehensible. Their briefing does not cite to the record or to applicable legal authority. Appellants additionally make no specific assignments of error, and all findings of fact to which no error is assigned stand as verities on appeal. In re Marriage of Glass, 67 Wn. App. 378, 381 n.1, 835 P.2d 1054 (1992). We may nonetheless elect to address inadequately briefed issues. State Farm Mut. Auto. Ins. Co. v. Avery, 114 Wn. App. 299, 310, 57 P.3d 300 (2002).

Appellants have failed to file any clerk's papers with the court. The sole record before us is a ten-page transcript of a trial court hearing and the Findings of Fact, Conclusions of Law, and Judgment and Order Issuing Writ of Restitution.

We address appellants' claims to the extent possible, given the limits of the legal analysis and record provided.

A. Due Process

Appellants claim the trial court denied them due process by failing to assist them in their defense of the unlawful detainer action. Appellants cite two federal cases in support of their claim: Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 564, 30 L. Ed. 2d 652 (1972) and Platsky v. Cent. Intelligence Agency, 953 F.2d 26 (2d Cir. 1991). But these cases hold pro se litigants to a lower standard in federal court than attorneys; in Washington courts, self-represented litigants are bound by the same rules of procedure and substantive law as attorneys. Olson, 69 Wn. App. at 626. Appellants fail to cite any applicable legal authority to support their due process claim. We conclude it fails.

3

B. Material Evidence

Appellants claim no material evidence supports the trial court's order, and that the relevant promissory note and deed should have been entered into the trial court record. We cannot evaluate this claim in light of the limited record provided to us. Because Appellants provide no legal argument or citation to the record, they abandon this claim.

C. Unlawful Detainer

Appellants claim the trial court failed to require Pomaikai to show it had standing to foreclose on their home.[2] But courts limit unlawful detainer actions "to the question of possession and related issues such as restitution of the premises and rent." Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 644 (2015). An unlawful detainer action does "'not provide a forum for litigating claims to title.'" Selene RMOF II REO Acquisitions II, LLC v. Ward, 189 Wn.2d 72, 81, 399 P.3d 1118 (2017) (quoting Ndiaye, 188 Wn. App. at 382). An unlawful detainer action is not an appropriate proceeding to challenge the underlying foreclosure. Ndiaye, 188 Wn. App. at 382. Allowing a borrower to delay by asserting a defense after the foreclosure sale in an unlawful detainer action is contrary to the intent of the deed of trust act, which aims to provide an efficient and inexpensive foreclosure process. Ndiaye, 188 Wn. App. at 382. Thus, Appellants' arguments collaterally attacking the foreclosure bear no

---

[2] Based on trial court order and the parties' briefing, it does not appear that Pomaikai foreclosed on the property, but merely that they were the purchaser of the property at the subsequent trustee's sale.

pertinence to this case, given the limited issues that may be raised in an unlawful detainer action.

"Where the trial court has weighed the evidence, our review is limited to ascertaining whether the findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law and the judgment." Tacoma v. State, 117 Wn.2d 348, 361, 816 P.2d 7 (1991). We review de novo questions and conclusions of law. Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

Appellants do not challenge any of the trial court's findings of fact.[3] Thus, we need only consider whether those findings support the trial court's conclusion that the defendants are guilty of unlawful detainer under RCW 59.12.030. "[T]he purchaser at a deed of trust foreclosure sale [may] bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules." Ndiaye, 188 Wn. App. at 381 (citing RCW 59.12.032). A defendant is guilty of unlawful detainer under RCW 59.12.030(1) when:

> [they] hold[] over or continue[] in possession, in person or by subtenant, of the property or any part thereof after the expiration of the term for which it is let to [them]. When real property is leased for a specified term or period by express or implied contract, whether written or oral, the tenancy shall be terminated without notice at the expiration of the specified term or period.

---

[3] We consider unchallenged findings of fact as verities on appeal. State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

Here, Appellants do not cite to the record or applicable legal authority indicating the sale did not comply with statutory foreclosure rules. Additionally, the unchallenged findings of fact show the elements of unlawful detainer were met under RCW 59.12.030(1): Appellants remained in possession of the premises after the Notice of Trustee's Sale terminated their right to occupy it, and Pomaikai is the proper owner, entitled to possession. In light of Appellants' failure to identify any defect pertinent to the validity of the unlawful detainer proceeding, the trial court did not err in issuing the writ of restitution. Because we conclude the elements of unlawful detainer are met, we need not reach the issue of forcible detainer.

D. Attorney Fees

Pomaikai requests attorney fees under RAP 18.9, arguing the appeal is frivolous. We may grant an award of attorney fees to a prevailing respondent in a frivolous appeal. Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987); RAP 18.9(a). When an appeal presents no debatable issues upon which reasonable minds could differ, and lacks merit such that no reasonable possibility of reversal exists, it is frivolous. Mahoney, 107 Wn.2d at 691. "The record should be examined as a whole, and doubts should be resolved in favor of the appellant." Mahoney, 107 Wn.2d at 691-692. "An appeal that is affirmed simply because the arguments are rejected is not frivolous." In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

While we reject all of the Appellants' arguments, we cannot say their appeal was so totally devoid of merit as to be frivolous. We deny attorney fees.

Affirmed.

_____ Chun, J.

WE CONCUR:

_____ Mann, ACJ

_____ Schindler, J